JOHN K. THOMPSON

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa, January 19, 1893.*

1. PRACTICE — *absence of judge from the bench, during argument.* Under the law a person on trial for a serious crime, which may deprive him of his liberty, has the right to the presence of the presiding judge during the argument of the case to the jury, and his absence during the closing remarks of the State's Attorney, so as not to be able to pass upon objections to statements made by him, is an error of such magnitude as to call for a reversal of a judgment of conviction.

2. SAME — *argument of counsel — part of the trial — rights of defendant.* On the trial of a criminal case before a jury the defendant has the right to be heard before the jury in person or by counsel, as he may elect. This is a right guaranteed by law. Indeed, the argument before the jury is a part of the trial of the cause, as well as the introduction of evidence to prove the guilt or innocence of the defendant, or any other fact at issue on the trial.

Writ of Error to the Criminal Court of Cook county; the Hon. Francis Adams, Judge, presiding.

Mr. C. W. Dwight, for the plaintiff in error:

It was error for the judge to leave the court room, abandon the trial and leave the defendant to the tender mercies of an unscrupulous, vindictive State's Attorney. *Meredeth* v. *People*, 84 Ill. 479; *Hoagland* v. *Creed*, 81 id. 506; *Bishop* v. *Nelson*, 83 id. 495; *Cobb* v. *People*, 84 id. 511.

· It was error for the State's Attorney to take advantage of. the absence of the judge, to abuse the defendant in the presence of the jury.

It was error for the State's Attorney to make statements to the jury about the ordinances of the village, while he had the ordinances in his pocket, and refused to put them in evidence. *Raggio* v. *The People*, 135 Ill. 533; *Yoe* v. *The People*, 49 id. 410; *Fox* v. *The People*, 95 id. 71.

Mr. George Hunt, Attorney General, for the People:

I can not undertake a justification of the remarks made by the attorney who prosecuted the suit on trial below. It is only in aggravated cases, however, where the statute has been violated, or where the court can reasonably presume that a verdict may have been affected by extravagant language, that this court will reverse a case on account of improper remarks of counsel.

Mr. Justice Craig delivered the opinion of the Court:

This was an indictment against John K. Thompson for an assault with an intent to commit murder with a revolver, etc., upon one Aaron Minnick, in Cook county. To the indictment the defendant pleaded not guilty, and on a trial the jury found the defendant guilty as charged in the indictment, and fixed his punishment at imprisonment in the penitentiary for the term of four years. The difficulty which resulted in the defendant's

indictment occurred at the village of DesPlaines, in Cook county, and as to the principal facts there is no substantial dispute. It appears from the record that on the afternoon of the assault the defendant, Thompson, who was somewhat in liquor, was at the railroad bridge crossing the DesPlaines river, and while there, standing on the bridge, he, in company with witness Wicke, shot at some leaves upon the water with his revolver. Robert Cain, a night policeman at DesPlaines, had his attention called to Thompson, by one of the trustees of the village, who said that Mr. Thompson was shooting in the corporation, which was against the village ordinances; when Thompson started for home from where he was shooting he was accosted by Cain and a village trustee, Aaron Minnick, and Cain said to Thompson, you know it is against the village ordinances to be shooting in the corporation, and you know it is against the law to be carrying concealed weapons. He said he did not know it was against the village ordinances to shoot in the corporation.

Cain then requested Thompson to give up his revolver, which Thompson refused to do. Then Cain and Minnick approached Thompson and undertook to take the revolver from him by force, and in the melee Thompson fired four shots, two of which took effect, one on Cain, the other on Minnick; neither, however, proved to be dangerous. No warrant had been issued for Thompson's arrest, nor was any effort made to arrest him before the assault, for the violation of any ordinance or law. This is apparent from the evidence of both prosecuting witnesses, Cain and Minnick, who testify that they did not go to Thompson for the purpose of arresting him, nor attempting to arrest him, but merely to take his revolver from him.

Several errors are relied upon by counsel for the plaintiff in error to reverse the judgment, but we will only consider one of them, as that is conclusive of the case. It appears from the bill of exceptions contained in the record that during the argument of the case before the jury, the presiding judge left the

court-room and entered his private room and remained out of the court-room during the entire closing argument of the State's Attorney. It is true the judge was in a private room adjoining the court-room, preparing instructions to be given to the jury, but he could not, and as appears from the record, did not hear the argument to the jury, and during the closing argument repeated objections were interposed to remarks of the State's Attorney, but as the judge holding the court was absent from the court-room and there was no presiding judge present to pass upon the questions raised or attempted to be raised, they were never decided. On the trial of a criminal case before a jury the defendant has a right to be heard before the jury in person or by counsel as he may elect, and the people have a right to be heard through the State's Attorney or such other person as may be selected for that purpose. This is a right guaranteed by law. Indeed, the argument before the jury is a part of the trial of a cause, as well as the introduction of evidence to prove the innocence or guilt of a defendant or any other fact at issue on the trial. If the presiding judge may leave the court-room and engage in other business during the argument before the jury, he may upon the same ground leave while the evidence is being introduced during the progress of the trial at any other stage of the proceeding. Under our system of practice in the Circuit Court, during the progress of any judicial proceeding, the law requires a presiding judge to sit during each and every stage of such proceeding, whether it be a jury trial or some other proceeding in court, and the presence of the judge can not be dispensed with. The rule here announced is fully sustained by *Meredeth* v. *The People,* 84 Ill. 479, where it was held that the presence of the judge during the argument of a criminal case could not even be dispensed with by consent of the parties. In this case, however, there was no consent. Had the judge stepped out of the court-room into his private room for a short time, where he could still hear the argument and where he would have been

in a position to pass upon any question which might properly arise in the argument, we are not prepared to say that an error would have occurred.    But such was not the case here, no part of the closing argument for the State was heard, and although several objections were made to different portions of the argument, they were not, on account of the absence of the judge from the court-room, passed upon or decided.    Under the law the defendant, who was on trial for a serious crime, one which deprived him of his liberty, had the right to the presence of the presiding judge during the argument of the case before the jury, and the absence of the· judge was, in our opinion, an error of sufficient magnitude to reverse the judgment.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*