THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES A. McPHERSON, Appellant.

*Criminal cases — the magistrate cannot be changed during the trial thereof.*

A criminal case cannot be partly tried before one magistrate and partly before another; when the trial is once commenced it must proceed to the end before the same court and jury.

APPEAL by the defendant, James A. McPherson, from a judgment of the Court of Sessions, held in and for the county of Rensselaer, rendered on the 20th day of April, 1893, affirming a judgment of an assistant police magistrate of the city of Troy, rendered on the 11th day of February, 1893, convicting the defendant of the crime of petit larceny.

*Henry A. King,* for the appellant.

*John P. Kelly, District Attorney,* and *Thomas S. Fagan,* for the respondent.

HERRICK, J. :

This is an appeal by the defendant from a judgment of the Court of Sessions of Rensselaer county, affirming a judgment rendered by Cornelius Hannan, an assistant police magistrate of the city of Troy, Rensselaer county, convicting the defendant of the crime of petit larceny and imposing a fine of twenty-five dollars. The defendant was arrested upon a warrant issued by William Donohue, a police magistrate of the city of Troy. The prisoner was arraigned, and demanded a trial by jury, on the 9th day of February, 1893. The trial was commenced before the said William Donohue, as police magistrate, and five jurors were drawn, and the defendant, by his counsel, then and there agreed, in open court, that the case might be tried with five jurors so drawn.

The case was thereupon opened upon the part of the People, and at the conclusion of such opening the counsel for the defendant moved for the discharge of the prisoner upon the ground that the facts stated in the opening of counsel for the People would not warrant a conviction of the defendant for the crime charged; this motion was denied, whereupon the court was adjourned until the next day, February tenth.

On February tenth Assistant Police Magistrate Hannan presided, and at that time the defendant stated by counsel that he waived the right of trial by jury on the ground that there were not a sufficient number of jurors drawn to try him, and then announced by his counsel that counsel had no right to make any stipulation in a criminal action for the defendant or on his behalf.

The waiver of the trial by jury by the defendant was denied and the trial proceeded before Justice Hannan and the jury of five theretofore drawn, and resulted in the conviction of the defendant. A number of questions are raised upon this appeal by the defendant, both upon the evidence, the rulings of the court, and upon the absence of any information upon which the warrant was alleged to have been issued.   I do not think it is necessary to discuss any of them.

The trial of the case was commenced before one justice and concluded before another.

The selecting of the jury, the opening of the case upon the part of the People, and the motion to dismiss made on the behalf of the defendant at the conclusion of such opening, were very important parts of the trial, just as much so as any of the subsequent proceedings. The proposition that a criminal case cannot be partly tried before one magistrate and partly before another seems to me too clear to need argument or citation of authority to sustain it.   When the trial of a case is once commenced it must proceed to the end before the same court and jury.

Judgment of conviction should be reversed, and the defendant discharged.   Let an order be entered accordingly.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of conviction reversed.