## JNO. S. WRIGHT v. STATE.

No. A-930.    Opinion Filed May 7, 1912.

(123 Pac. 434.)

1.  **TRIAL.—Presence of Judge.** The law requires the presiding judge of a trial court to sit during each and every stage of the proceedings before him. His presence cannot be dispensed with; and, when the record affirmatively discloses that he lost control of the proceedings by reason of his absence from the bench during the progress of the trial, a judgment of conviction in a criminal case will be reversed.

2.  **SAME—Argument of Counsel.** The argument of counsel is as much a part of the trial as the taking of testimony. It is the duty of the trial judge to be present and see that counsel do not travel outside the record, or transcend the limits of legitimate argument, and that there is no misconduct on the part of the jurors.

3.  **SAME—Duty of Prosecuting Attorney.** It is just as important to the public for the prosecuting attorney, be he a special prosecutor or the official regularly elected, to see that a person on trial for a crime has a fair and impartial trial as it is to perform any other duty incumbent upon him by reason of his position.

(Syllabus by the Court.)

*Appeal from District Court, Kiowa County;*
*Jas. R. Tolbert, Judge.*

John S. Wright was convicted of the crime of statutory rape, and appeals. Reversed.

*J. Wythe Walker* and *E. G. McAdams,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error was tried and convicted at the May, 1911, term of the district court of Kiowa county on a charge of statutory rape, and his punishment fixed at imprisonment in the state penitentiary for a period of five years.

A statement of the facts proved is not necessary for the determination of the principal issues raised in this court.

During the progress of the trial, the record affirmatively dis-. closes the fact that the presiding judge vacated the bench and walked to the rear of the courtroom, so far away that he could not hear and observe the proceedings taking place. During this absence, it is alleged that when the special counsel for the prosecution was making an argument to the jury one of the jurors arose from his seat, extended his hand, and expressed approval of counsel's position. On account of the fact that the court did not hear what took place, he permitted counsel for the accused to show the transaction by proof; the facts upon the point raised being undisputed.

It is error for the presiding judge of a court to vacate the bench and retire from the courtroom, or from the presence and hearing of the proceedings of the trial. A judgment of conviction cannot be sustained when the record affirmatively discloses such a condition. The presence of the judge as the presiding genius of the trial is as necessary during the argument as it is during the taking of the testimony, or at any other time during the progress of such trial. See *Tubeville v. State,* 56 Miss. 793; *Capital Traction Co. v. Hof,* 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873; *State v. Beuerman,* 59 Kan. 586, 53 Pac. 874.

In *Thompson v. State,* 144 Ill. 378, 32 N. E. 968, the Supreme Court of Illinois, in discussing this proposition, says:

"The law requires the presiding judge to sit during each and every stage of the proceeding before him, whether it be a jury trial or some other proceeding in court, and his presence cannot be dispensed with; and the judgment rendered by him will be reversed where, during the argument of a case before a jury, he left the courtroom and remained out during the entire closing argument of the state's attorney, though he was in a private room adjoining the courtroom, preparing instructions to be given to the jury."

In *O'Brian v. People,* 17 Colo. 561, 31 Pac. 230, the Supreme Court of Colorado says:

"The arguments of counsel, as well as the taking of the evidence, are a part of a trial; and the judge cannot properly absent himself when such proceedings are being carried on. It is his duty to be present and see to it that counsel do not travel

outside the record, or transcend the limits of legitimate discussion."

In the case of *Stokes v. State,* 71 Ark. 112, 71 S. W. 248, the Supreme Court of Arkansas says:

"The facts shown by the above recitals are made one of the grounds of a motion for a new trial. While it appears that the judge had lost control of the proceedings for only a short time, yet that destroyed the integrity of the trial; for, without the presence of a presiding judge, at all times, to uphold the majesty of the law and enforce its mandates, there can be no trial, such as is contemplated by the statute. The Constitution centers the power to preside over the proceedings constituting trials in felony cases in the person of a judge. The proceedings 'will not run' without his superintending and controlling power, even for a moment."

And again:

"The judge is such a necessary part of the court that his absence destroys the existence of the tribunal; and public policy demands that the tribunal authorized to pass upon the life, liberty, and property of the citizen shall be constituted during the entire trial in the manner prescribed by law."

In *Horne v. Rogers,* 110 Ga. 362, 35 S. E. 715, 49 L. R. A. 176, the Supreme Court of Georgia says:

"The courts are instituted for the protection of the people, in the exercise and enjoyment of their rights and redress of their wrongs, and litigants are entitled to have their causes heard by the court as constituted, and in the manner prescribed by law; and this is not possible in the absence of the judge whose duty it is to be present and in control throughout the trial. If it becomes necessary for a judge to absent himself during the trial, as it must and will, then he should suspend proceedings until such time as he can resume the bench and proceed under the forms of law. His absence does suspend the trial, under the law, and vitiates the whole proceedings, without regard to its length, or whether objection was made thereto, or injury resulted to any one because of it; and this court so holds, in conformity with its former correct ruling."

It is just as serious an error for the court to retire to a remote place in the courtroom, out of hearing and control of the proceedings in progress, as it would be to absent himself from the courtroom entirely. It is his duty to preside over and con-

trol the trial. If he loses this control by being out of the hearing and presence of the jury, it is just as prejudicial to the rights of the party on trial as it would be for him to leave town. It is the supervision and control of the trial in person by the trial judge that the law requires. It clearly appears from the record in this case that the court lost that control, and did not know what the proceedings and the conduct of the jurors and attorneys were, and for that reason permitted testimony to be taken, in order to show just what did occur. The conduct of the juror complained of was itself prejudicial, and should not have been permitted, and in all probability would not have been permitted, had the trial judge been on the bench and present, observing the proceedings.

Counsel urge that the conduct of the special prosecutor during the progress of the trial, in repeatedly asking prejudicial questions and endeavoring to get incompetent testimony before the jury, as well as indulging in inflammatory and incompetent remarks in his argument of the case, was prejudicial.

We shall not quote the record or enter into an extended discussion of this proposition. It is sufficient to say that the conduct of special counsel justifies the criticism. It is just as much the duty of the prosecuting attorney, be he a special prosecutor or the official regularly elected for that purpose, to see that a person on trial for crime has a fair and impartial trial as it is to perform any other duty.

For the errors indicated, the judgment is reversed and the cause remanded, with direction to the lower court to grant a new trial.

FURMAN, P. J., and DOYLE, J., concur.