## PETE STITES v. STATE.

No. A-1614.    Opinion Filed June 14, 1913.

(132 Pac. 822.)

1. T-RIAL—Presence of Judge. When a criminal case is on trial in any court in this state, it is necessary for the trial judge to be present during each and every stage of the proceedings.

2. SAME—Ground for Reversal—Absence of Trial Judge. When during a trial a judge presiding finds it necessary to be absent from the courtroom or out of the presence and hearing of the trial, the proceedings should be suspended by him until his return. When this is not done, and the record shows affirmatively that the judge absented himself during any stage of the proceedings, a judgment of conviction cannot be upheld.

.(Syllabus by the Court.)

*Appeal from County Court; Woods County; W. M. Bickel, Judge.*

Pete Stites was convicted of violating the prohibitory law, and he appeals. Reversed.

*Ross & Hadwiger,* for plaintiff in error.
*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for the State.

ARMSTRONG, P. J. The plaintiff in error, Pete Stites, was convicted at the October, 1911, term of the county court of Woods county on a charge of unlawfully conveying from one place within Woods county to another place therein intoxicating liquor, and his punishment fixed at a fine of $50 and imprisonment in the county jail for a period of 30 days.

This conviction would be affirmed were it not for the fact that the trial judge left the courtroom during the progress of the trial, retired to the clerk's office, and was there transacting other business. The statement in the record over the signature of the trial judge is as follows:

"I certify that the recital alleging that the trial judge was absent from the courtroom for some time during the argument of counsel is correct, this 13th day of February, 1912. W. M. Bickel, Judge of the County Court."

In *Wright v. State,* 7 Okla. Cr. 280, 123 Pac. 434, it is said:

"It is error for the presiding judge of a court to vacate the bench and retire from the courtroom, or from the presence and hearing of the proceedings of the trial. A judgment of conviction cannot be sustained when the record affirmatively discloses such a condition. The presence of the judge as the presiding genius of the trial is as necessary during the argument as it is during the taking of the testimony, or at any other time during the progress of such trial."

And, further:

"It is just as serious an error for the court to retire to a remote place in the courtroom, out of hearing and control of the proceedings in progress, as it would be to absent himself from the courtroom entirely. It is his duty to preside over and control the trial. If he loses this control by being out of the hearing and presence of the jury, it is just as prejudicial to the rights of the party on trial as it would be for him to leave town. It is the supervision and control of the trial in person by the trial judge that the law requires."

In *Cochran v. State,* 4 Okla. Cr. 379, 111 Pac. 974, it is said:

"If, for any reason, a judge finds it necessary to retire from the courtroom during the trial of a criminal case, he should order that business shall be suspended during his absence. The judge in criminal cases should have the court under his immediate control every moment of time in which it is open and transacting business."

See, also, *Slaughter v. United States,* 5 Ind. T. 235, 82 S. W. 732.

Under the doctrine established by these cases, this judgment will have to be reversed. It is necessary for the trial judge to be present and exercise control over the trial during each and every stage thereof; and, if for any reason he finds it necessary to leave the courtroom and be out of the presence

and hearing of the proceedings, the trial should be suspended by him until his return. This doctrine is settled in this jurisdiction, and it is necessary for the trial courts to observe it if they expect their judgments to be upheld on appeal.

The judgment is reversed, and the cause remanded for a new trial.

DOYLE and FURMAN, JJ., concur.