## STATE v. ROBERT S. EVANS.

No. A-3333.    Opinion Filed Jan. 24, 1920.

(186 Pac. 735.)

(Syllabus.)

1. **FORMER JEOPARDY—Dismissal.**    Where a valid information has been filed, charging defendant with crime, and the defendant has pleaded thereto, and the jury has been impaneled according to law to try defendant for such crime, and said jury is discharged and the cause dismissed before a verdict is returned, on motion of defendant's counsel, jeopardy did not attach to the defendant under such circumstances.

2. **TRIAL—Province of Jury—Dismissal.**    All questions of fact in a criminal cause should be submitted to the jury for determination.    The trial court should not dismiss a criminal action and discharge the jury  before a verdict is returned; but, where the evidence is clearly insufficient to authorize the conviction of the defendant of the crime charged, the trial court should advise the jury to acquit.

3. **SAME—Insufficient Evidence—Procedure.**    Treating the statement of facts of the county attorney as true, and as the facts proved against defendant, it is held, that the evidence in this

case is wholly insufficient to authorize a conviction of the crime charged, and, for the reason that it would entail unnecessary expense to the taxpayers to remland this cause for further proceedings, the action of the trial court in discharging the jury and dismissing said cause is affirmed, but the procedure employed is not commended.

*Appeal from District Court, Woods County;*
*W. C. Crow, Judge.*

Robert S. Evans was indicted for larceny of live stock, his motion to discharge the jury and dismiss the case was sustained, and the State appeals. Question of law decided adversely to State's contention, and order affirmed.

*Sandor J. Vigg,* Co. Atty., for the State.

*L. T. Wilson, C. H. Mauntel,* and *John W. Barry,* for defendant in error.

MATSON, J. This is an appeal by the state of Oklahoma, through the county attorney of Woods county, in which a certain question of law as to the sufficiency of the evidence to convict the defendant of the crime of larceny of live stock, with which he was charged in the district court of Woods county, Okla., by a valid information, is raised for decision.

After a jury had been impaneled according to law to try the defendant for said crime, the county attorney made a statement of facts, and counsel for the defendant did likewise; thereupon, at the suggestion of the trial judge, counsel for the defendant moved the court to discharge the jury and dismiss the case, for the reason that if all the facts stated by the county attorney were proved upon the trial, and admitted to be true, there would be no evidence sufficient to authorize the jury to return a verdict of guilty.

After a lengthy argument by both sides as to the merits of the motion interposed by defendant's counsel, it was

agreed by the county attorney that he could produce no evidence other than that stated by him in his opening statement, and that, for the purpose of preventing unnecessary and additional expense to the county, the court should consider his statement as the facts proved by the state in the case, considering such facts to be true, and make his ruling on the motion accordingly.

Thereupon, the court, considering such facts as proved and as true, sustained the motion of defendant's counsel, and, after discharging the jury, dismissed said cause. Counsel for the defendant neither requested a directed verdict nor took exception to the court's action in discharging the jury.

The jury having been discharged, and the cause dismissed on motion of defendant's counsel, it is the opinion of this court that jeopardy did not attach, and that, if the facts as a matter of law were sufficient to authorize the submission of the cause to the jury, the same could properly be remanded by this court for that purpose. *Loyd v. State,* 6 Okla. Cr. 77, 116 Pac. 959; *State v. Frisbee,* 8 Okla. Cr. 406, 127 Pac. 1091; *Allen v. State,* 13 Okla. Cr. 533, 165 Pac. 745, L. R. A. 1917E, 1085.

Without entering into a lengthy discussion of the incriminating facts against the defendant contained in the opening statement of the county attorney, upon which this motion was based, and which would serve no useful purpose as a guide in the prosecution of other similar offenses, but applying the well-established principles of law to the questions of the sufficiency of circumstantial evidence and to proof necessary to establish that a conspiracy existed between this defendant and others jointly charged with him in the commission of the crime, which questions were nec-

17-3

essarily involved in order to connect this defendant with the commission of the crime, the conclusion is reached that the facts stated by the county attorney were wholly insufficient to authorize a verdict of guilty, and that, had this cause resulted in such a verdict, the same should have been set aside either by the lower court or on appeal in this court.

While the practice of dismissing a criminal cause and discharging a jury before the evidence of the state has been submitted is not to be commended, and is improper procedure under our statutes, nevertheless, the trial court , having treated the statement of the county attorney as the facts proved, and such facts as true, it would entail unnecessary expense to the taxpayers to remand a cause solely for the purpose of having a verdict returned where the facts, if admitted to be true, are wholly insufficient to authorize a conviction of the crime charged.

For the reasons stated, we find no error committed by the trial court in discharging the jury and dismissing the action.

The questions of law involved are therefore decided adversely to the state, and the action of the lower court in discharging the jury and dismissing the cause is affirmed. Mandate forthwith.

DOYLE, P. J., and ARMSTRONG, J., concur.