STATE OF NORTH DAKOTA, Respondent, v. DANIEL C. DARROW, Appellant.

(217 N. W. 519.)

**Criminal law — argument to jury part of trial requiring presence of judge.**
1. The argument of counsel to the jury is a part of the trial and requires the presence of a judge to control and superintend the conduct of counsel, jurors, and spectators the same as in any other part of the proceedings.

---

Note.—(1, 2) As to necessity of presence of judge in court room during trial, see annotation in 41 L.R.A. 569; 26 R. C. L. 1014.

**Criminal law — absence of judge, mistrial.**

2. There can be no court without a judge, and if the judge is absent from the court room and out of hearing of proceedings for a considerable time during the trial, there is a mistrial and the defendant's right to raise and take advantage of such mistrial is not waived by his failure to object to such absence at the time the judge left the court room.

**Criminal law — instructions — defendant need prove converse of what state must prove.**

3. Where a defendant is charged with murder in the second degree under subdivision 3, § 9462, Comp. Laws 1913, perpetrated without design to effect death, while engaged in a criminal operation as defined by § 9604, Comp. Laws 1913, and the court has fully and clearly instructed the jury, that it is incumbent on the state to prove beyond a reasonable doubt that an operation was not necessary to save the life of the deceased, and then gives an instruction from which it may be inferred that it was necessary to prove that the operation was necessary to save life, such latter instruction is unnecessary and should not have been given.

Opinion filed January 16, 1928.

Criminal Law, 16 C. J. § 2061 p. 812 n. 99, 5; § 2393 p. 986 n. 69.

Appeal from the District Court of Cass County, *Cole,* J.
Reversed.

*W. H. Barnett* and *Francis Murphy,* for appellant.

*George E. Shafer,* Attorney General, *J. C. Pollock,* State's Attorney, *H. F. Horner,* and *V. R. Lovell,* for respondent.

BURKE, J. In this action the defendant was charged with murder in the second degree under ¶ 3, § 9462, Comp. Laws 1913, perpetrated without any design to effect death by the defendant while engaged in the commission of a felony as defined by § 9604 of the Compiled Laws of 1913. There was a demurrer to the information which was overruled, the defendant was convicted, there was a motion in arrest of judgment and a motion for a new trial which was denied, and the defendant appeals.

The first error assigned is, that the presiding judge was out of the courtroom, out of control of the proceedings and out of hearing thereof during the trial, and that during his absence the prosecuting officer made highly prejudicial statements in his argument to the jury not

warranted by the evidence. The presiding judge made and filed a certificate of such proceeding as follows, viz.:

"Before argument of counsel in the case, the court stated to counsel that he wanted to go into the chambers and attend to some business, during the argument, as he had considerable business awaiting him. The chambers immediately adjoin the trial court room with a door between. The court also stated to the jury that when the counsel argued the case, and all of the counsel, when arguing the case, if they referred to the facts, they referred to the facts as they remembered them, or claimed them to be, but that the jury was the exclusive judge of the facts, and to determine what facts had been proved or failed to be proved. The court further advised the jury that when the counsel referred to the law, if counsel did, in any of the arguments, they would refer to the law, as they understood it to be, but that the law must come from the court, and this caution was given the jury before the court retired. During the argument of the different counsel, including the closing argument for the state, by Mr. Lovell, the court would step into the court room by an adjoining door, not the direct door between the chambers and the court room, but the door at the other end of the court room, and upon each occasion, would stay in the court room from one to five minutes and observe the conduct of counsel. The court entered the court room during the concluding argument for the state by Mr. Lovell, four or five separate times, for the purpose of seeing whether or not its presence was necessary. The court was at hand and ready for immediate call, at any and all times during all of the arguments in the case, both that by the counsel for the state, and counsel for the defendants, but at no time was called by either side, on account of claimed objectionable argument by any of the counsel."

The judge in his certificate does not claim, that he heard the proceedings while out of the court room, and it appears from the certificate that before leaving the court room he advised the counsel, and the jury, that he was going into chambers to do some necessary work, and before going he advised the jury on the duty of counsel in presenting arguments and the duty of the jury in receiving and considering such argument. If he remained on the bench he would not have given any such advice at that time, and the fact that he did instruct the jury and counsel, indicates that he was to be out of hearing of the proceedings,

and in his absence the jury under the advice given would know how to receive the arguments of counsel. During the closing argument of the assistant state's attorney he states, that he came into the court room four or five times, for the purpose of seeing whether or not his presence was necessary, and that all of the time he was ready for immediate call. It appears that he was out of the court room all of the time during the arguments of both state and defendant, except, the occasions when he stepped into the court room, and stayed as he said from one to five minutes. It further appears from the record that the judge was not present and did not hear the matter which was claimed to be objectionable.

On page 262 of the record the court said: "Certain matters have been called to the attention of the court in chambers, objections to the statements claimed to be made by the assistant state's attorney in his argument. The reporter will read the first claimed statement and the objection thereto."

The statement was read as follows: "No person would have done as he did save with a heart hardened by many years of illegal operations." The court then instructed the jury, "If there is no evidence in the case in reference to the matter claimed to have been made in this statement and no evidence from which such inference could be drawn, then the inference would be unfair and the statement should not have been made, the reporter will read the next statement." The judge does not say that the assistant state's attorney made such statement, but says, in reference to the matter *claimed to have been made*. The procedure is the same in reference to all the other statements of the assistant state's attorney to which objections were made. The judge does not claim to have heard them, but states, that the claim of the defense is, that they were made, it leaves it to the jury to say whether they were made, and if they were made, then it was for the jury to decide whether there was any evidence or any inference to be drawn from the evidence justifying the statements claimed to have been made by the assistant state's attorney in his closing argument.

The record shows that the judge lost control of the proceedings during the trial. The argument to the jury is just as much a part of the trial as the taking of testimony. In 20 R. C. L. § 13, page 229, the rule is stated as follows:

56 N. Dak.—22.

"The judge is a component part of the court, and all that is done in the way of court proceedings during his absence is in fact done in the absence of the court, and a defendant convicted on such a trial is deprived of his liberty without due process of law. For this reason it has been held that if, during the trial of a criminal case, the judge of the court absents himself from the court room, so as to be out of sight and hearing of the proceedings going on therein, even though during the argument of the case to the jury, it is ground for a new trial."

16 C. J. page 812, § 2061 states the rule thus:

"In prosecutions for felonies the great majority of cases lay down the general rule that the continued presence of the judge during the entire course of the trial is essential to the validity of the proceedings, and that his absence during any part of the trial, such as during the examination of a witness, during the argument of counsel, or at the handing in of the verdict, whereby he is not in a position to discharge his duties effectively, may vitiate the proceedings, unless he orders a suspension of the proceedings until he returns."

In People v. Tupper, 122 Cal. 424, 68 Am. St. Rep. 44, 55 Pac. 125, 11 Am. Crim. Rep. 713, the court said: "The argument of the case to the jury is as much a part of the trial as the introduction of evidence. . . ." Then follows the statement quoted from R. C. L. supra, and citing O'Brien v. People, 17 Colo. 561, 31 Pac. 230; Turbeville v. State, 56 Miss. 793; State v. Beuerman, 59 Kan. 586, 53 Pac. 874.

In the case of People v. Blackman, 127 Cal. 248, 59 Pac. 573, the court held, that the absence of the judge in going from the court room into his chambers and closing the door remaining there ten minutes during the argument of the state's attorney was prejudicial error.

In the case of Horne v. Rogers, 110 Ga. 362, 49 L.R.A. 176, 35 S. E. 715, the court said:

"If it were an open question, we would hold that the presence of the judge at all stages of the trial is absolutely necessary to its validity, . . . The judge is such a necessary part of the court that his absence destroys the existence of the tribunal authorized to pass upon the life, liberty and property of the citizens. . . . The very definition of 'trial' carries with it the idea of the superintendence of a

judge. Citing Capital Traction Co. v. Hof, 174 U. S. 1, 13, 43 L. ed. 873, 877, 19 Sup. Ct. Rep. 580."

In Moore v. State, 29 Ga. App. 274, 115 S. E. 25, the court held, that the absence of the judge during the argument of the prosecuting attorney for a few minutes was error.

In Thompson v. People, 144 Ill. 378, 32 N. E. 968, the court said:

"The argument before the jury is a part of the trial of a cause as well as the introduction of evidence. If the presiding judge may leave the court room, and engage in other business, during the argument before the jury, he may upon the same ground leave while the evidence is being introduced during the progress of the trial. . . . The law requires a presiding judge to sit during each and every stage of such proceedings . . . and the presence of the judge cannot be dispensed with. Citing Meredeth v. People, 84 Ill. 479, 2 Am. Crim. Rep. 448."

In People v. Chrfrikas, 295 Ill. 222, 129 N. E. 73, the court said:

"The trial judge should not be even temporarily absent from the court room while the trial proceeds, and particularly in a criminal case even though he is in hearing. . . . Though the trial judge was within hearing of what was going on in the court room, he could not promptly have stopped the remarks of the prosecuting attorney on his own motion. . . ."

In the case of State v. Carnagy, 106 Iowa, 483, 76 N. W. 805, the court said:

"We think the absence of the judge from the court room, beyond the hearing of the proceedings, when not shown affirmatively to have been without prejudice is in itself error, alone sufficient to warrant the reversal of a judgment.

"There can be no court without a judge, and his presence as the presiding genius of the trial is as essential at one time as another. The argument is an important part of the proceedings, during which the judge cannot properly absent himself. He should remain within hearing that he may not even temporarily relinquish control of the proceedings and the conduct of the trial. . . . The accused is entitled to a trial in a court duly constituted, and, if the presiding judge abandons the trial or relinquishes control of the proceedings, he has ground for complaint."

Respondent distinguishes this case from the case at bar, stating:

"That upon the judge's return to the court room after a brief absence he announced that he was not present and could not pass upon the argument."

In effect this is what happened in the case at bar, the judge does not claim in his certificate that he was present and heard the statement of the assistant state's attorney, but states specifically that counsel for the defense claims that the state's attorney made certain statements leaving it to the jury to decide whether the statements were made and if made whether they were justified by the evidence. If he had been within hearing he would have known whether the statements were made, and could have stricken them out if prejudicial and advised the jury that such statements were not to be considered. To the same effect is the case of State v. Beuerman, 59 Kan. 586, 53 Pac. 874; Gray v. Com. 195 Ky. 307, 242 S. W. 8; Ellerbe v. State, 75 Miss. 522, 41 L.R.A. 569, 22 So. 950; Palin v. State, 38 Neb. 862, 57 N. W. 743; Powers v. State, 75 Neb. 226, 121 Am. St. Rep. 801, 106 N. W. 322; Cochran v. State, 4 Okla. Crim. Rep. 379, 111 Pac. 978; Wright v. State, 7 Okla. Crim. Rep. 280, 123 Pac. 434; Stites v. State, 9 Okla. Crim. Rep. 596, 132 Pac. 822; Tunnell v. State, 24 Okla. Crim. Rep. 176, 216 Pac. 951; Allen v. State, 13 Okla. Crim. Rep. 533, L.R.A. 1917E, 1085, 165 Pac. 745. The case of Smith v. Sherwood, 95 Wis. 558, 70 N. W. 682, was a civil action, in which the judge was absent for a considerable time during the argument of counsel, and the court said:

"We cannot but regard this long absence from the bench during an important part of the trial as an error which calls for a new trial. We feel that we should be doing wrong to sanction any such practice. Such a rule, once established, will open the way to dangerous abuses and break down one of the most valuable safeguards to litigants."

In the case of State v. Jackson, 21 S. D. 494, 113 N. W. 880, 16 Ann. Cas. 87, when the jury was about to retire it was agreed that the verdict might be received by the clerk of court in the absence of the judge. The verdict was returned in the judge's absence, and the defendant on appeal alleged the absence of the judge as error. The court said:

"This rule as to the necessity for the presence of the judge is based

upon the idea that the judge is an essential element of the court and there can be no court in the legal sense in his absence. . . . It will thus be seen that the judge is an essential constituent of a court, and that there can be no court in the absence of the judge."

The court then quotes from the opinion in Britton v. Fox, 39 Ind. 369, as follows:

"The judge desiring to go home, the parties consented that the verdict when agreed upon might be received in his absence by an attorney of court. The judge accordingly left, and the verdict was returned in his absence. . . . When the judge left there was no court in session and the reception of the verdict was a nullity. . . . The consent of the defendant could not create a court, nor vest judicial authority in the person selected to receive the verdict."

In the South Dakota case there could not have been any prejudice, the evidence was all in, the arguments were made and the jury instructed. There was nothing further for the court to do except to receive the verdict, the same verdict that was rendered and received in the absence of the judge, and yet, it was a fatal error resulting in a mistrial.

In the case of Capital Traction Co. v. Hof, 174 U. S. 1, 11, 43 L. ed. 873, 877, 19 Sup. Ct. Rep. 580, a trial by jury under the Constitution means a trial by jury of twelve men in the presence and under the supervision of a judge empowered to instruct them on the law.

There can be no doubt that the learned trial judge was absent in good faith attending to important, and what he deemed necessary business, never suspecting that any question might arise affecting the legality of the proceedings, but nevertheless, the defendant is entitled to a public trial in a regularly constituted court and there can be no court without a judge. It appearing from the whole record, that the judge was out of the hearing of the proceedings for a considerable time during the argument of counsel to the jury, the result is a mistrial, which was not waived by a failure to object to such absence.

Appellant assigns as error the following instruction: "I charge you further, gentlemen of the jury, that there is no presumption in law that it is necessary to produce a miscarriage upon a pregnant woman to save her life. If such necessity exists in the case of a pregnant woman, the same must be brought into view under all of the

circumstances and conditions surrounding the person upon whom the miscarriage is produced and the condition of the person herself."

Prior to the giving of this instruction the court had instructed the jury fully and clearly that it was incumbent upon the state to show beyond a reasonable doubt that the illegal operation, if they found that there was an illegal operation, was not necessary to save the life of the deceased. It is the contention of the appellant that after the court had advised the jury that it was essential for the state to prove the non-necessity of the operation, he then advised them that there is no legal presumption that such operation was necessary. That after the statement to the jury, viz.: "I charge you further, gentlemen of the jury, that there is no presumption in law that it is necessary to produce a miscarriage upon a pregnant woman to save her life."

He in effect informed the jury that the state had no presumption to overcome, and he then continues: "If such necessity exists in the case of a pregnant woman, the same must be brought into view under all of the circumstances and conditions surrounding the person upon whom the miscarriage is produced and the condition of the person herself."

It is the contention of the appellant, that this instruction should not have been given, that it is not incumbent upon either party to prove necessity, and that since the jury had already been advised that the duty upon the state was to establish the opposite, viz., non-necessity, the jury had the right to assume that the duty of establishing the fact of necessity rested upon the defendant.

We are of the opinion that the appellant is right in his contention. The instruction should not have been given. The law upon the subject had already been fully and clearly covered, and the giving of this instruction was confusing and in all probability misleading. Other alleged errors are not considered as it is not probable that they will arise in another trial.

The judgment of the conviction is reversed and a new trial ordered.

NUESSLE, Ch. J., and BURR, CHRISTIANSON, and BIRDZELL, JJ., concur.