RICHARD FERGUSON v. STATE.

No. A-7855.  Opinion Filed July 31, 1931.
(1 Pac. [2d] 830.)

Clark & Jack Nichols, for plaintiff in error.

J. Berry King, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, P.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for fifteen years.

In the trial of the case, defendant admitted the killing, but sought to justify it on the ground of self-defense. A reading of the record discloses that the evidence was sufficient to support the verdict of the jury.

Defendant complains first of error of the court in leaving his district during the progress of the trial, and of permitting an attorney to perform the functions of the court in his absence.

It appears from the record that the jury had been impaneled and evidence introduced, and the court recessed, as shown by the following minutes of the court:

"Whereupon the further trial of the cause was recessed until 9 o'clock tomorrow morning, to wit, December 3, 1929, the jury being permitted to separate under the usual admonition of the court.

"December 3, 1929, court did not convene on account of illness of wife of district judge.

"Thereafter, to wit, at 9 o'clock a. m., December 4, 1929, the further trial of the cause was resumed, the jury being all present, and the defendant being present in person and by his counsel, and thereupon the following proceedings were had, to wit:

"Fred Thomas, being called as a witness on behalf of the state of Oklahoma, being first duly sworn, testifies as follows, to wit."

There is nothing in the record proper to disclose that the trial judge left the district, this fact being made to appear in the motion for a new trial and admitted to be true at that time.

Defendant, in support of this contention, cites Tunnell v. State, 24 Okla. Cr. 176, 216 Pac. 951, where this court says:

"The presence of the judge is essential to the organization of the court; and where, in the progress of a criminal trial, the judge temporarily relinquishes control over the proceedings or abandons the trial, a judgment of conviction will be reversed."

This rule is supported by Allen v. State, 13 Okla. Cr. 533, 165 Pac. 745, L. R. A. 1917E, 1085; Stites v. State, 9 Okla. Cr. 596, 132 Pac. 822; Wright v. State, 7 Okla. Cr. 280, 123 Pac. 434, and Cochran v. State, 4 Okla. Cr. 380, 111 Pac. 974.

In the above cases, it is disclosed that during the progress of the trial, and while the evidence was being taken, or argument made to the jury, or while the jury was deliberating, the trial judge was out of the presence and hearing of the jury, absent from the courtroom or the county.

In the case at bar, the record discloses no such condition. When the trial court recessed on the evening of December 2d, court was no longer in session, and the trial was not in progress until the trial judge returned and reopened the proceeding.

If the contention of defendant was correct, the judge would be obliged to be in the courtroom exactly at the time fixed in the recess. If a storm should arise which made it impossible for the judge to return to the courtroom at the time fixed, or if, on account of sickness of himself or a member of his family, he was unable to be present at that time, the case would abate, or the court would lose jurisdiction, and further proceedings would be a nullity.

If one day's delay on the part of the judge in returning after the recess would cause the case to lapse and void the proceedings, then one minute's absence would produce the same effect.

Whether the delay in appearing and proceeding with the trial was necessary or not would depend upon the facts in each particular case. Where, as in the case at

bar, the delay was unavoidable and reasonable, such delay would not void the proceedings nor deprive the court of jurisdiction.

Defendant contends that when a member of the bar appeared at the time to which the recess was taken and, in the absence of the judge, admonished the jury and directed them to return the next day, that that voided the proceedings and deprived the court of jurisdiction.

This contention is equally falacious. If this were true, then, if the jury should return to the courtroom and be in the box and the court should be temporarily delayed, any person might attempt to speak for the court and might excuse the jury, and thus undo all the work of the court. To state such a proposition is to refute it. '

There is likewise no merit in defendant's contention that the fact that the trial judge left the county during the recess deprived the court of' jurisdiction to proceed with the trial.

In Ex parte Mingle, 2 Okla. Cr. 709, 104 Pac. 68, this court said:

"During the progress of the trial the trial judge at divers times during adjournments before the final submission of the case to the jury left Oklahoma county and went to Canadian county, but was present the entire time the jury were deliberating of their verdict, held, that the absence of the trial judge during the adjournments could in no way affect the legality of the proceedings, and did not deprive the court of the power or jurisdiction to render judgment and issue process for the imprisonment of the defendant. In re Patswald, 5 Okla. 789, 50 Pac. 139, distinguished."

In Ex parte Mingle, the trial judge was not out of the district, but whether he was or not would be immaterial.

During the adjournment the judge might leave the county, the district, or even the state without in any wise affecting his power to proceed with the trial of the case, as disclosed by this record.

Defendant next contends that it was reversible error for the trial court to permit the jury to separate before the case had been finally submitted.

The affidavit of Mr. Clark Nichols in support of his motion for a new trial sets out in substance that, as he went to the courtroom to argue the case, he walked up stairs with one of the jurors, and that when they reached the courtroom the other jurors were already in the courtroom; that he did not know how long the jurors had been separated, or where this juror had been.

Section 2716, C. O. S. 1921, provides:

"The jurors sworn to try an indictment or information, may, at any time before the submission of the cause to the jury, in the discretion of the court, be permitted to separate, or to be kept in charge of proper officers. The officers must be sworn to keep the jurors together until the next meeting of the court, to suffer no person to speak to or communicate with them, nor to do so themselves, on any subject connected with the trial, and to return them into court at the next meeting thereof."

In Armstrong v. State, 2 Okla. Cr. 567, 103 Pac. 658, 24 L. R. A. (N. S.) 776, this court said:

" 'The jurors sworn to try an indictment, may, at any time before the submission of the cause to the jury, in the discretion of the court, be permitted to separate, or to be kept in charge of proper officers'—leaves the question of keeping the jury together during the trial of a capital case in the discretion of the trial court." Weatherholt v. State, 9 Okla. Cr. 161, 131 Pac. 185; Yarbrough v. State, 13 Okla. Cr. 140, 162 Pac. 678.

386

It affirmatively appearing from the record that the separation of the jury occurred prior to the final submission of the cause, such separation was within the discretion of the trial court, and the defendant cannot be heard to complain thereat.

The other errors complained of by the defendant being equally without substantial merit, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.