JAMES E. TURBEVILLE *v.* THE STATE.

1. FORGERY.   *Book of accounts.   Assessment-roll.*
  A city assessment-roll is a book of accounts, within sect. 2582 of the Code of 1871, which makes it forgery to fraudulently alter an entry in any book of accounts kept in a public office.

2. CRIMINAL LAW.   *Trial.   Absence of judge.   Argument.*
  The circuit judge's absence from the bench during the argument of a felony case is not such an abandonment of the court and conduct of the trial as that the judgment should be reversed, if he remains in an adjoining room, within hearing, with a lawyer on the bench to call him, if needed.

3. Same.  *Trial.  Circuit judge's duties.  Exceptions.  Waiver.*

    The duties of circuit judges in conducting trials, the necessity for their continual presence, their authority to control the arguments, and the time and manner of objecting to their absence, discussed; and the conclusion reached, that in prosecutions for felonies any absence of the judge, which amounts to a relinquishment of control of the proceedings, will vitiate the verdict, and his presence during the arguments of counsel is as essential as at any other time.

Error to the Circuit Court of Yazoo County.

Hon. S. S. Calhoon, Judge.

The nature of the case and the effect of the evidence are stated in the opinion of the court.  During the argument by counsel in the lower court, the judge left the bench, to be occupied by a member of the bar, whom he instructed to call him if his presence should be needed.  While the district attorney was making his closing argument to the jury, the counsel for the accused objected that he had appealed to the race prejudices of the colored jurors in order to secure the conviction of the defendant.  The judge was recalled to the bench, to settle the objection raised.  The judge had not heard the language to which the objection referred.  The district attorney denied that he had appealed to the race prejudices of any of the jurors, but stated that he had argued that the trial should be impartial, without reference to who was accused.  The judge then stated, in the presence of the jury, that any appeal to race prejudices was, of course, improper, but it was fair argument to say that men of every station and color stood alike before juries, and that discriminations should not be made in favor of men simply because they were respectable.  All the other material facts of the case are stated in the opinion of the court.

*J. C. Prewett*, for the plaintiff in error.

1. The assessment-roll is not a book of accounts, within the meaning of sect. 2582 of the Code of 1871.  To hold that it is, will do violence to the legislative intent, and give a forced interpretation to plain language.  Throughout our statutes and State reports, and the charters of Yazoo City and other towns, the term "assessment-roll" is used to designate one

thing only, while the words "books of accounts" are used to designate a different thing. The assessment-roll has none of the elements of an account-book. Criminal statutes must be strictly construed; and the courts cannot, by adding words, supply legislative omissions. That it ought to be an offence to forge an assessment-roll, does not make it so. The plaintiff in error was not indicted for altering a public record, and an indictment for one crime cannot be sustained by proof of another. The indictment must follow the statute, and the evidence the indictment. *Harrington* v. *The State*, 54 Miss. 490.

. 2. It was error for the judge to leave the bench during the trial of the cause. The judge's absence destroyed the court. Justice cannot be "judicially administered" without the judge; and a prisoner on trial for felony is incapable of consenting to such an irregularity. *Meredith* v. *The People*, 84 Ill. 479; *Hoagland* v. *Creed*, 81 Ill. 506; *Bishop* v. *Nelson*, 83 Ill. 495; *Cobb* v. *The People*, 84 Ill. 511; *Van Slyke* v. *Trempealeau Ins. Co.*, 39 Wis. 390; Code 1871, sects. 531, 536. . The Constitution of the United States, and of this State, give the accused the right to counsel, the most laborious and interesting part of whose duties it is to address the jury. This right is regulated by sect. 2806 of the Code of 1871. The argument is as much a part of the trial as the introduction of the evidence or the return of the verdict; and if a member of the bar can preside at the argument, he can conduct the whole trial.

3. The case, should be reversed because of the district attorney's appeal to the race prejudices of the colored jurors. *The State* v. *Smith*, 75 N. C. 306; *Devriss* v. *Phillips*, 63 N. C. 53; *Ferguson* v. *The State*, 49 Ind. 33; *Fletcher* v. *The State*, 49 Ind. 124. An attorney should be confined, in his address to the jury, to the facts developed by the evidence; and this rule should be rigidly enforced against the district attorney, who, in closing the argument, may raise in the juror's minds such a prejudice against the prisoner as practically to deny him the fair trial to which he is entitled.

*Garrett Andrews*, on the same side, filed a brief, contending that the judge's inability to decide whether the district attorney appealed to the race prejudice of jurors was a conclusive reason for reversal, because it was owing to the judge's absence that he could not know what transpired in the argument of counsel; and that a prisoner on trial for felony had a right to the protection of the judge's presence, without which an over-zealous or unscrupulous prosecution might fatally prejudice the defendant's cause.    Counsel also argued elaborately the points in the preceding brief, citing the following authorities: On the first point, Bouv. L. Dic., tit. " Book; " 2 Whart. Cr. Law, 1444, *a*, *b*; *Virden* v. *Bowers*, 55 Miss. 1; Cooley on Tax. 289; *Harrington* v. *The State*, 54 Miss. 490.    On the second point, *Meredith* v. *The People*, 84 Ill. 479; 17 Am. Law Rep. 344; Const. Miss., Bill of Rights, sects. 7, 12.    On the third point, *The State* v. *Smith*, 75 N. C. 306; *Ferguson* v. *The State*, 49 Ind. 33.

*J. C. Prewett*, of counsel for the plaintiff in error, argued the case orally.

*T. C. Catchings*, Attorney-General, for the State.

1. The assessment-roll is a book of accounts, within the meaning of the statute.    It has all the elements of an account-book.    In it is kept an account between the city and each property-holder, showing the amount due from each, and the amount which he has paid thereon.    That the book has some features not common to all account-books cannot affect the question.    It contains the separate account of each tax-payer, with the taxes due representing the debit, and the taxes paid representing the credit side thereof; and this makes it a book of accounts.

2. The conduct of the circuit judge was not such as to destroy the court.    He did not relinquish control of the trial. If the judge had remained in the court-room, clearly there would have been no error; yet, in this case, while not in the room, he was much nearer the bench than he would have been in many parts of the room.    He was not bound to listen to

every word of the district attorney's speech, and might have failed to hear him even if he had been present.   It cannot be maintained that a case shall be reversed on the sole ground that the judge is unable to decide a controversy between counsel.

3. The statement of the prisoner's counsel, that the district attorney had appealed to the race prejudices of the jurors, was denied by that officer; and the circuit judge, not having heard the remark, could not decide between them.   It is not, therefore, made to appear that any thing objectionable was said by the State's attorney, and this court cannot interfere. To do so would be to assume that the district attorney was mistaken, as to which the court is uninformed.   Nothing said, however, would have injured the defendant in the least, since upon the evidence the verdict could not possibly have been different; and all danger of injury was removed by the judge's remarks on returning to the bench.

*T. C. Catchings*, Attorney-General, also argued the case orally.

CHALMERS, J., delivered the opinion of the court.

James E. Turbeville was city tax-collector of Yazoo City. Having collected from Fountain Barksdale, a tax-payer of said city, the full amount of taxes due by him, as shown on the assessment-book or roll of said city, he thereafter so altered the figures showing the value of Barksdale's taxable property as to make a difference of $9,000 in the value, and a difference of $119 in the amount collected by him.   By the book, thus altered, he settled his own accounts with the city.   He was indicted for forgery, under sect. 2582 of the Code, by which it is declared that every person shall be deemed guilty of forgery " who, with intent to defraud, shall make any false entry, or shall falsely alter any entry made in any *book of accounts*, kept in the office of the auditor of public accounts, * * * or in any other public office, by which any demand, * * * either against or in favor of this State, or

any county or town, or any individual, shall be, or purport to be, discharged, diminished,     *     *     *     or in any manner affected."

The indictment charged the accused with altering "an entry in the book of accounts of the assessment of persons and property, real and personal, in Yazoo City, and then and there kept in the public office of assessor and collector of taxes of Yazoo City." The indictment was demurred to, on the ground that the city assessment-roll was not "a book of accounts;" and, the demurrer being overruled, the same point was subsequently made by objections to evidence.

The court below rightly ruled that the assessment-lists, usually called "rolls," constituted "a book of accounts." It was proved to be, in form, "a book," one of the definitions of which, as given by Worcester, is, "a collection of paper leaves, sewed or bound, used for any kind of writing." That it is used, by law, for keeping the accounts of the municipality against the tax-payers, as well as to show the state of accounts between the city and its collector, we know officially, as well as by the proof in the record ; so that, in every point of view, the court properly ruled, that, within the intendment of the statute, the assessment-roll was "a book of accounts."

After the testimony in the case had been closed and the written instructions given, and during the arguments of counsel to the jury, the judge left the bench and stepped into a room immediately adjoining and in the rear of the bench, and separated from it only by the thickness of the wall, through which a door opened. He placed a member of the bar on the bench, with instructions to call or notify him if needed. He remained in this room, thus absent from the bench, and distant from it, as the bill of exceptions shows, five or six feet, during the greater portion of the time consumed in the several addresses of counsel to the jury. It does not appear whether the door which opened from the bench, or rostrum, into this room (styled the judge's retiring-room) was closed or open while the judge was thus absent. This conduct of the judge is

assigned for error, a bill of exceptions thereto having been tendered and signed after his return to the bench.

If we could consider this statement of the facts as showing such absence from the room on the part of the judge as constituted even a temporary relinquishment of the control of the court and of the conduct of the trial, we should unhesitatingly reverse the judgment. There can be no court without a judge, and his presence, as the presiding genius of the trial, is as essential during the argument as at any other time. We do not mean to say that he must actually listen to every word that falls from the lips of counsel while they are addressing the jury, for this might impose a burden too heavy to be borne, but we do mean that the conduct and control of the argument within legitimate limits is confided to him as a judicial duty, and cannot be by him devolved upon another. While he will not be precluded from changing his seat to any portion of the room he may prefer, or from temporarily engaging in conversation, or reading, or writing, he must remain within hearing of counsel, so as to be able instantly to assert his authority, if demanded by any thing that may occur. While it will rarely be necessary or proper for him to interfere with counsel, instances may arise that will require it; and, moreover, the conduct of the jurors, spectators, or officers of court may be such as to demand the instant interposition of his authority. In civil cases, or prosecutions for misdemeanors, he may give place to another by consent, and if he does so without objection in advance, consent will perhaps be presumed; but in prosecutions for felonies, no consent can be given, and if given, it will not be binding on the accused. The bill of exceptions in this case fails to show clearly that there was any relinquishment, by the judge, of the functions of his office, or any such bodily absence as prevented their instant assertion when demanded; and we decline, on this account, to reverse the judgment.

It is assigned for error that the district attorney, in his closing argument, indulged in appeals to the race prejudices

of the colored jurors who were in the box, for the purpose of procuring a conviction. The charge is denied by him, and the record leaves it doubtful. Certainly we cannot assume that this excellent officer so far forgot the duties of his position as to be guilty of conduct so improper; and even if he did, the judge, by his remarks in the presence of the jury, did all that could be done to prevent any injury to the accused.

Affirmed.