O'BRIEN, PLAINTIFF IN ERROR, v. THE PEOPLE, ETC.,
DEFENDANTS IN ERROR.

1. CRIMINAL TRIAL—RIGHT OF DEFENDANT.—It is the right and privilege of a defendant, put in jeopardy upon a charge of felony, to have the trial conducted with all due care and circumspection, and to have the requirements of the law faithfully pursued and firmly upheld in all substantial particulars.

2. ABSENCE OF JUDGE DURING THE TRIAL.—Where in the trial of a felony case, the judge, against the objections of defendant, was absent from the presence and hearing of the jury, witness and counsel, while a certain witness was examined and while material evidence was taken, held, that such absence was error for which a new trial must be granted.

PER ELLIOTT, J.—Every criminal trial must take place in open court in the presence of the judge as well as of the jury. The presence of the judge is essential to the organization of the court. The arguments of counsel as well as the taking of the evidence are a part of the trial; and the judge cannot properly absent himself while such proceedings are being carried on. It is his duty to be present to superintend the proceedings, uphold the majesty of the law, and thus give protection and security to the parties interested or concerned in the trial, and, also, to see to it that counsel, in their arguments, do not travel outside the record, or transcend the limits of legitimate discussion.

*Error to Criminal Court of Arapahoe County.*

INDICTMENT and conviction for seduction under promise of marriage.

Mr. H. E. LUTHE, for plaintiff in error.

Mr. S. W. JONES, attorney-general, and Mr. H. RIDDELL, for defendants in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Plaintiff in error was defendant below. He was charged with an offense expressly designated by the statute as a fel-

ony and made punishable on conviction by imprisonment in the penitentiary for a term not exceeding ten years. Session Laws 1885, p. 166; Mills' An. Stats., sec. 1325.

Being put in jeopardy for such an offense it was the right and privilege of defendant to have the trial conducted with all due care and circumspection, and to have the requirements of the law faithfully pursued and firmly upheld in all substantial particulars.

Among other things, the following proceedings duly authenticated by the bill of exceptions are assigned for error:

1. During the progress of the trial a certain female witness being sick, the court ordered that her testimony be taken at her residence before the jury. The defendant demanded that the court also attend said jury; but the court refused so to do; and said witness was sworn and gave material testimony in the presence of the jury at her residence in West Denver, the court not being present and not presiding.

2. It affirmatively appears by the bill of exceptions that after the evidence had closed, and during the time while the district attorney addressed the jury and argued the cause on behalf of the People against said defendant, the court was absent from the court room and out of sight and hearing of said jury and counsel and out of the hearing of said argument during the entire argument for at least half an hour, and that the defendant desired to object to, and arrest, certain statements and to correct certain misstatements of the law and the evidence made by the district attorney in his said argument; and further, that the defendant then and there excepted to the absence of the court as aforesaid, and prayed that said absence be made a matter of record, and it was accordingly so done.

The foregoing assignments may be considered together.

Under our judicial system every criminal trial must take place in open court. It must be conducted in the presence of the judge as well as of the jury. The judge must be present to superintend the proceedings, uphold the majesty of the law, and thus give protection and security to all parties

interested or concerned in the result of the trial. The arguments of counsel, as well as the taking of the evidence, are a part of the trial; and the judge cannot properly absent himself while such proceedings are being carried on; it is his duty to be present and see to it that counsel in their arguments do not travel outside the record, nor transcend the limits of legitimate discussion. Moreover, the presence of the judge is essential to the organization of a court for the trial of felony cases. If the judge is absent while substantial proceedings, such as the taking of evidence or the argument of counsel, are being carried on in the presence of the trial jury, such proceedings must be regarded as *coram non judice;* and if, as in this case, it affirmatively appears by the bill of exceptions that the judge was absent against the objections of the defendant, his absence must be held ground for reversal. 1 Bishop Cr. Pro. 957; 1 Thompson on Trials, secs. 211, 212, 955, *et seq.; Hayes v. State,* 58 Ga. 35, 49; *Haverly In M. Co. v. Howcutt,* 6 Colo. 574; *Cook v. Doud,* 14 Colo. 483; *De Votie v. McGeer,* 14 Colo. 577; *Brownlee v. Hewitt,* 1 Mo. Ct. of Appeals, 360; *State v. Smith,* 49 Conn. 376; *Davis v. Wilson,* 65 Ills. 525; *Britton v. Fox,* 39 Ind. 369.

We must not be understood as intimating any substantial part of a trial for felony can properly be carried on in the absence of the presiding judge, even by the consent of the defendant. Such a case is not presented by this record; nor is this a case of absence from the bench, merely, without being out of the presence and hearing of the jury, counsel or witness; it is a case of entire absence from the presence and hearing of important proceedings for considerable spaces of time, against the objection of defendant made in each instance at a time when such absence might have been avoided.

The constitution guarantees that every person accused of crime shall have a public and impartial trial, and that the accused shall have the right to appear and defend in person and by counsel. These provisions imply that the trial shall be conducted in open court and under the protection of the court. Of what value are such guaranties if they may be

talked away in absence of the court—the only power that can give them efficiency?

The doctrine announced by this opinion imposes no hardship upon the presiding judge. He is always the master of the situation; and may order a recess, or a temporary suspension of proceedings during any absence that may be necessary on his part. As was said by the supreme court of Georgia in the case above cited, "there is no law which requires a court to disregard the necessary physical conditions of efficient labor."

The remaining assignments of error need not be considered. The judgment is reversed and a new trial awarded.

MR. CHIEF JUSTICE HAYT (concurring specially).

I concur in the conclusion that the hearing of testimony by the jury at a place other than that at which the court was being held and in the absence of the trial judge constituted error for which the judgment must be reversed. As I understand the foregoing opinion, the writer holds that it is error under all circumstances for the presiding judge to absent himself from the court room during the argument of counsel to the jury, no matter how brief such absence may be, and with these views I do not concur.

*Reversed.*