[Crim. No. 467. Department One.—November 26, 1898.]

THE PEOPLE, Respondent, v. COLONEL L. TUPPER, Appellant.

CRIMINAL LAW—NEW TRIAL— ABSENCE OF JUDGE FROM COURTROOM.— A defendant convicted of a felony is entitled to a new trial where it appears, without conflict, that the judge absented himself from the courtroom for a period of twenty minutes during the argument of the case, and that during such absence he was out of sight and hearing of the proceedings going on in the courtroom.

ID.—JUDGE A COMPONENT PART OF COURT—PROCESS OF LAW.—The judge
is a component part of the court, and there can be no court with-
out him, and what was done in his absence was done in the
absence of the court; and a defendant convicted under such
circumstances has been deprived of his liberty without due
process of law.

APPEAL from a judgment of the Superior Court of Los An-
geles County, and from an order denying a new trial. B. N.
Smith, Judge.

The facts are stated in the opinion of the court.

Bernard L. Mills, for Appellant.

W. F. Fitzgerald, Attorney General, and Charles H. Jack-
son, Deputy Attorney General, for Respondent.

GAROUTTE, J.—Defendant was convicted of a felony, and
as ground for a new trial he alleged by affidavit, which was not
contradicted, that during the argument of the case to the jury
the Judge absented himself from the courtroom for the period
of twenty minutes. It was also alleged by the affidavit that
during such absence the judge was out of sight and hearing of
the proceedings going on within the courtroom. The forego-
ing facts being undisputed, we are fully satisfied they demand
a retrial of the defendant. The argument of the case to the
jury is as much a part of the trial as the introduction of evi-
dence. And evidence may be introduced before the jury, in the
absence of the judge, if the practice here pursued may be held
justified within the law. It is hardly necessary to present either
argument or authority to show that neither of these prac-
tices can be justified. The judge is a component part of
the court. There can be no court without the judge. And
all that was done in the absence of the judge was in fact
done in the absence of the court. A defendant convicted under
such circumstances has been deprived of his liberty without due
process of law. As fully supporting these views we cite *O'Brien
v. People*, 17 Colo. 561; *Turbeville v. State*, 56 Miss. 793; *State
v. Beuerman* (Kan. 1898), 53 Pac. Rep. 874.

The judgment and order are reversed and cause remanded for
a new trial.

Van Fleet, J., and Harrison, J., concurred.