[No. 4347.]

GRAVES V. THE PEOPLE.

1. **Constitutional Law—Statutory Construction—Larceny—Embezzlement.**

   The act (Session Laws 1893, page 119) making one who embezzles money or property guilty of larceny and punishable accordingly, is not unconstitutional because the title to the act does not contain embezzlement, but contains only the subject of larceny.

2. **Practice in Criminal Cases—Absence of Judge from Court-room During Trial.**

   It is reversible error for the judge to absent himself from the court-room during the argument in a criminal trial so that he is out of sight and hearing of the trial and fails to rule upon an objection by defendant to the argument of the prosecuting attorney.

*Error to the District Court of Arapahoe County.*

Mr. F. I. WILSEA, for plaintiff in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, assistant attorney general, for the people.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

Defendant was tried and convicted of embezzling money entrusted to him by another, which, by our statute, is deemed, and called, larceny. Session Laws 1893, 119. Upon this review he relies upon three grounds for reversal.

1. In the title, larceny, but not embezzlement, is mentioned, while the act itself, in substance, reads that whoever embezzles or fraudulently converts to his own use certain property delivered to him which may be the subject of larceny, shall be deemed guilty of larceny and punished accordingly. The specific objection urged here is that since embezzlement and larceny are distinct crimes, the title of an act which speaks of larceny is not broad enough to cover a provision therein treating of embezzlement; and, besides, is misleading.

Section 21 of article 5 of our constitution provides that no bill, except the general appropriation bill, shall contain more than one subject which shall be clearly embraced in its title. The objection is not good. In the body of this act it is declared, in the circumstances therein pointed out, that one who wrongfully embezzles or converts personal property, in the absence of a trespass, shall be deemed guilty of larceny. It follows that, since the doing of the prohibited thing in the circumstances stated is deemed larceny, the section so providing comes clearly within the title. In Bishop on Statutory Crimes (3d ed.) § 418, it is stated that in such a case as this the rule of pleading requires the circumstances to be set out, and that the common law form of indictment for larceny will not support a conviction for the commission of the thing prohibited by the statute. This, however, is not authority for the point sought to be made by plaintiff in error.

2. The defendant was agent for the prosecuting witness in making loans of money and taking mortgage securities therefor. It is admitted that he collected a note evidencing one of these loans. The principal issue in the case was whether or not the defendant paid the proceeds to the prosecuting witness, or converted the same to his own use. There was a direct conflict of testimony upon this point, the prosecuting witness swearing that the money had not, and the defendant that it had, been paid to her, and there were certain circumstances in evidence tending to corroborate each of them. Plaintiff in error strenuously insists that the verdict is manifestly against the weight of, and is not supported by, sufficient legal evidence. The mooted questions of fact were peculiarly for the jury to determine. They heard the testimony, saw the witnesses upon the stand, and the general rule, to which there are exceptions, is that the jury's findings will stand. We express no opinion as to this assignment, however, since the judgment must be reversed on another ground.

3. It appears in the bill of exceptions, from an uncontroverted affidavit of the attorney for the defendant, that while the district attorney was making his opening, and again while the assistant district attorney was making the closing, argument to the jury, the presiding judge left the bench and went into the clerk's office adjoining the court-room, and remained there on the first occasion more than five, and on the second, more than ten, minutes; that defendant's counsel each time desiring to object to certain language and conduct of the district attorney interrupted the latter and tried to have a record made of his objection, but as the judge was then out of the sight and presence of counsel and the jury, and outside of

the court-room, and, as the affidavit states on informa-tion and belief, also beyond hearing, counsel was, because of such absence, unable on the first occasion, either to obtain a hearing of his objection or to pre-serve his exceptions.

No counter affidavit traversing the facts con-tained in this affidavit was filed by the district attor-ney, but statements of the presiding judge in overrul-ing defendant's motion for a new trial throw some light upon the situation. Whether the statements of the presiding judge are, in such circumstances, to be considered as evidence, we need not decide. It has been held that they are competent as evidence only as to such matters as are, in their nature, better known to himself than they could be to others. Here, with respect to the matters complained of, the knowledge of the judge, at least his opportunity for acquiring it, was no better than that possessed by others present at the time in the court-room.—*People v. Blackman,* 59 Pac. 573.

But for the purpose of this case it may be con-ceded that every statement made by the presiding judge is true and may be treated as if contained in an affidavit. He does not deny that he was absent from the court-room the first time for five, the second time for ten, minutes. He says he thinks he heard every-thing that took place during the entire argument of the prosecuting officer on both occasions, but admits not only that he was not in the court-room and was in the adjoining clerk's office, for the periods of time mentioned, but also that he was not then within the sight, or in the presence, of counsel or jury. Unques-tionably, the judge believes that he heard everything that occurred. There is, however, no denial by him that he did not hear the first interruption, or pass upon the objection sought to be interposed, by counsel

for defendant, which the latter positively swears occurred, while the prosecuting officer was speaking.

In *O'Brien v. People,* 17 Colo. 561, it was held that, over the objection of defendant in a criminal trial, the absence of the judge from the presence and hearing of the jury, witness and counsel while the testimony of that witness was being taken, was prejudicial error; and in the opinion it was intimated that in a felony trial no substantial part thereof could be carried on properly in the absence of the presiding judge, even with the consent of the defendant. Chief Justice Hayt, specially concurring, said that his understanding of the opinion was that the writer held it error under all circumstances for the presiding judge to absent himself from the court-room during the argument of counsel to the jury, no matter how brief such absence might be, and with these views the chief justice did not concur. Possibly the understanding of the chief justice was his deduction from what took place in the consultation room, but there is nothing in the opinion of the court that necessarily warrants that conclusion.

To the contrary this court, referring to the O'Brien case, in *Rowe v. The People,* 26 Colo. 542, 545, held that the mere fact that the trial judge left his bench during the argument and for a brief time went into his private room a few feet away, is not reversible error. It is upon this case that the attorney general relies to sustain the present judgment, but the cause at bar does not come within its protection. For aught that appears in that case, the judge all the time was not only in hearing, but in sight, of counsel and the jury, and heard and saw what was transpiring in the court-room; and an examination of the record shows that no affidavit was filed presenting this point, but that it inferentially

appeared in an unverified motion for a new trial, but most definitely in the remarks of the trial judge in denying that motion. Here the trial judge was not only absent from the court-room, but was not within sight, or in the presence, of counsel or jury, and did not hear defendant's objection to the conduct of the prosecuting officer, and was not in a position where he could discharge the duties of his office with the same effect as if he had been in the court-room, or had been able to see, as well as hear, what was there taking place.

In *Smith v. Smith*, 49 Conn. 376, the facts are quite similar to those in the Rowe case, the court there saying that, for aught that appears to the contrary, the judge may have stepped into the ante-room where the air was purer and fresher, and occupied a position so near the door as to enable him to see and hear as well as if he had remained inside the court-room. To this observation, however, the court immediately added: "We all agree, and desire to have it distinctly understood, that it is the duty of the presiding judge at criminal trials, and especially where life is involved, to be visibly present every moment of their actual progress, so that he can both see and hear all that is being done. This is a right secured to the accused by the law of the land, of which he cannot be deprived. All the formalities of the trial should be scrupulously observed, so that the people present may see and know that everything is properly and rightfully done."

In *Meredeth v. The People*, 84 Ill. 479, where the absence from the court-room during the argument was prolonged, and the judge was in a room on the opposite side of the court-house, the judgment was reversed. The supreme court there said that it is the duty of the trial judge to be present all the time during the argument of the cause.

In *Thompson v. The People,* 144 Ill. 378, the court observed that, had the presiding judge stepped out of the court-room into his private room for a short time where he could still hear the argument, and where he could be in a position to pass upon any question which might properly arise, error might not have been committed. But in that case, as in the one now before us, objections were made to different portions of the argument, and on account of the absence of the judge from the court-room were not passed upon or decided. There the decision was that the defendant had the right to the presence of the presiding judge during the argument of the case before the jury, and so we say here.

In *Turbeville v. State,* 56 Miss. 793, the court, though not reversing the judgment because of the brief absence of the judge, nevertheless said that if the absence of a judge from the court-room constituted even a temporary relinquishment of the control of the court and conduct of the trial, it would be reversible error. It was said that it is his duty to be able at all times instantly to assert his authority if demanded by anything that might occur. Instances might arise which would require prompt action on his part, such as the conduct of the jurors, spectators, or officers of the court, and then instant interposition of his authority must be made, and this can be done only if he is visibly present. To enable the court to pass upon a motion for a new trial it is just as important, in some instances, that he saw, as that he heard, what was done at the trial.

In *State v. Carnagy,* 106 Ia. 483, it was ruled that the better practice requires the visible presence of the presiding judge, and that he be within hearing every moment during the actual progress of trials, including the arguments of counsel, in felony cases.

The authorities are collected in 17 Am. & Eng. Enc. Law (2 ed.) 719.

While we do not say that every brief absence of a judge from the court-room, where he both sees and hears all that is done, and can himself be seen and heard, necessarily constitutes reversible error; yet, to be justified, the judge, during such absence, must not only be within hearing, but within sight, of counsel and jury, and in such position that he may be seen and heard by them, and able instantly to interpose his authority in preserving decorum in the court-room, and to pass upon questions as they arise, and assert and maintain that full control over the trial which is so essential a part of due process of law. The judge must be in such a position that he has as complete and immediate control of the proceedings as if he were in his proper place on the bench. Where the absence is such that the judge is not within sight of counsel and jury and the court room, and is not in a position to exercise full and complete control of the proceedings, though he may be within hearing of what is said during the argument, such absence itself is error of which the defendant may complain. The judge has entire control of the trial. If any good reason exists for his absence from the court-room, after a trial is begun and before it ends, he can suspend proceedings until his return. It may be a hardship for an overworked judge to sit continuously for a long time on the bench, but his presence in the court-room at all times, while a trial is in progress, is so essential to the very existence of a court and so important to the due administration of justice, that the strict rule which requires his visible presence should be enforced, and the contrary practice on the part of trial judges discouraged. We think this case

comes within the principle of the decision in the O'Brien case, and the other cases, *supra*.

The judgment is reversed.    *Reversed.*