13882.   MOORE *v.* THE STATE

Where during the trial of a capital case the presiding judge leaves the
court-room, even for a few minutes, during the prosecuting attorney's
argument to the jury, without suspending the trial, and at the con-
clusion of that argument the defendant's counsel makes a motion for
a mistrial because of such absence, the motion should be granted.
DECIDED DECEMBER 12, 1922.

Conviction of manslaughter; from Atkinson superior court —
Judge Dickerson.  July 14, 1922.

*E. R. Smith, Quincey & Quincey, Dickerson & Kelley,* for plain-
tiff in error.

*J. D. Lovett, solicitor-general, R. A. Hendricks, McDonald &
Willingham,* contra.

LUKE, J.  At the February, 1922, term of the superior court of
Atkinson county, Fred Moore, indicted for murder, was convicted
of voluntary manslaughter.  As this case will be tried again, we
deem it unnecessary to pass upon all the numerous grounds of the
motion for new trial.  The facts upon which this decision is based
are as follows:.The case was being tried in a court-room on the sec-
ond floor of a two-story building, the clerk's office being on the first
floor.  During the solicitor-general's argument to the jury, and
without suspending the trial, the judge, without the consent, ob-
jection, or comment of either the defendant or his counsel, left
the court-room to answer a long-distance telephone call in the
clerk's office.  After an absence of two or three minutes or there-
abouts he returned to the bench.  When the solicitor-general con-
cluded his argument to the jury the defendant's counsel moved

for a mistrial because of the judge's absence during the progress of the trial. The motion was overruled, and the question for decision is whether this ruling was error.

Numerous Georgia decisions condemn in the strongest terms the practice of allowing the trial of a case to proceed during the judge's absence. Justice Cobb, in the case of *Horne* v. *Rogers,* 110 *Ga.* 362 (35 S. E. 715, 49 L. R. A. 176), said: "The judge should never leave the court-room for any purpose, for any length of time, without suspending the trial." He likewise said: "The judge is such a necessary part of a court that his absence destroys the existence of the tribunal, and public policy demands that the tribunal authorized to pass upon the life, liberty, and property of the citizen should be constituted during the entire trial in the manner prescribed by law." In the earliest Georgia case dealing with the question under consideration,— that of *Hayes* v. *State,* 58 *Ga.* 35 (12, 13), — it was held: "In the trial of a capital case, especially during the examination of a witness for the State, the judge should not retire beyond the bar, for even a brief absence, without ordering a suspension of business until his return. The guilty and the innocent are entitled to be tried according to law, in the immediate presence of one of the State's judges, and with no material error in the charge." In the case of *Pritchett* v. *State,* 92 *Ga.* 65 (2) (18 S. E. 536), the same distinguished jurist (Chief Justice Bleckley) who wrote the decision in the *Hayes* case, supra, further elucidated the proposition under consideration by holding: "It is not proper for the presiding judge to absent himself from the court-room during the trial of a murder case, without suspending the trial during his absence; but such conduct on the part of the judge will not necessitate the granting of a new trial where it appears that he was absent only a few moments for a necessary purpose during the argument of defendant's counsel, it not appearing that any injury resulted therefrom to the accused, or that a motion to have a mistrial declared was made. In *Hayes* v. *State* [supra] a new trial was granted not alone because of similar conduct on the part of the judge, who absented himself during the examination of a witness for the State, but also because of serious errors in the charge. The ruling made in the case at bar is supported by *O'Shields* v. *State,* 81 *Ga.* 301 [6 S. E. 426]." In the *O'Shields* case, upon which Chief Justice Bleckley was

content to rest the decision in the *Pritchett* case, supra, the judge stated to the defendant's counsel that he desired to step out a little while, and asked him if he had any objection, and counsel replied that he had none. Justice Blandford, in the *O'Shields* case, said: "We think that the court acted improperly in not suspending the trial during his absence; but as it does not appear that any harm came to the accused because of this irregularity (and none is pretended to have resulted to him on account of it), it is not a good ground for a new trial, *under the circumstances of this case."* (Italics ours.) We think that the decision in that case is not authority for the proposition that a reversal will never be had because of such absence of the judge unless it affirmatively appears that injury resulted to the accused. Without intending to commit ourselves in any way to the proposition that it is proper for the judge to absent himself from the court-room during the trial of a case even with the consent of counsel, we do say that it is a significant fact that in the case here cited, defendant's counsel stated in open court that he had no objection to the judge's stepping out a little while. No doubt this unequivocal statement was considered one of the "circumstances of this case." Besides, no motion for a mistrial was there made.

From the *Hayes, O'Shields,* and *Pritchett* cases, supra, Justice Cobb, in the case of *Horne* v. *Rogers,* supra, deduced the rule applicable to such cases to be that "The mere absence of the judge during the progress of a trial, when no objection is made, will not necessarily require the granting of a new trial, when the absence is only for a few moments and for a necessary purpose; and in order for such absence to become reversible error, it must appear not only that objection was made to the judge's failure to suspend the trial, but that the absence of the judge resulted in some harm to the losing party." He further stated that if it were an open question, he would hold the judge's presence at all stages of the trial absolutely necessary to its validity, "and that the absence of the judge from the trial without suspending the same for any length of time, no matter how short, or for any purpose, no matter how urgent, would vitiate the whole proceeding, whether objection was made by the parties interested or not, and whether injury resulted to any one or not." In the same decision it was said: "The rulings heretofore made by this court will not be extended in

the slightest. If in the present case counsel had objected to the trial proceeding in the absence of the judge, or had upon the return of the judge to the bench made a motion for a mistrial, or if, notwithstanding a request by counsel to suspend, the judge had compelled counsel to proceed in his absence, the case would not have been controlled by former decisions."

In the case of *Bass* v. *State,* 152 *Ga.* 415 (110 S. E. 237), it was held that " The fact that the trial judge leaves his seat on the bench and remains a few feet away in the court-room for a short while during the argument of the attorney for the State is no cause for granting the defendant a new trial, where it is not shown that injury has resulted to the defendant. *Pritchett* v. *State,* 92 *Ga.* 65 (2), 67 (18 S. E. 536)." The facts in that case differentiate it from all the other cases, as well as from the one sub judice, in that the judge merely left his seat on the bench and remained a few feet away in the court-room for a short while. Furthermore, in that case no motion for mistrial was made. Again, the decision in that case is based squarely on the decision in the *Pritchett* case, which, as has already been appointed out, is grounded upon the *O'Shields* case, which in turn has already been discussed.

Our conclusion is that the presence of the judge is essential to the organization of the court; that it is his plain duty to suspend the trial of the case when for any reason whatsoever, for any length of time, he leaves the court-room; and that where the judge absents himself from the court-room during the trial of a case, even for a few minutes, without the consent of the accused or his counsel and without suspending the trial, and upon his return to the bench the defendant's counsel makes a timely motion for a mistrial because of such absence, it is error to fail to sustain such motion. *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*