ROBINSON v. STATE. (4 Div. 245.)

(Supreme Court of Alabama. Nov. 12, 1925.)

1. **Homicide ⟨⟩300(7)—Charge with hypothesis that accused was present by invitation of deceased properly refused, where evidence did not support it.**

In murder prosecution, charge with hypothesis that accused was at place of shooting by invitation of deceased was properly refused, where there was no evidence to support this hypothesis.

2. **Homicide ⟨⟩300(14)—Instruction failing to hypothesize that deceased attacked, or was about to attack, defendant held faulty.**

In murder prosecution, charge failing to hypothesize that deceased attacked or was about to attack accused *held* faulty, where there was evidence tending to show that deceased made no aggressive movement whatsoever.

3. **Criminal law ⟨⟩829(18)—Refusal of reasonable doubt charge, contained in court's oral charge, was not error.**

In murder prosecution, refusal of reasonable doubt charge, which was covered by court's oral charge, was not reversible error.

4. **Criminal law ⟨⟩761(6)—Charge assuming there was necessity to strike in defense of life or limb held faulty.**

In murder prosecution, a charge that accused would have right to strike in defense of life or limb if there was no apparent mode of escape *held* faulty as assuming there was necessity to strike in defense of life which was in dispute in evidence.

5. **Homicide ⟨⟩300(12)—Instruction failing to state that accused was free from fault properly refused.**

In murder prosecution, charge that accused could use such force as might be necessary to protect himself from great bodily harm, failing to state that accused was free from fault, *held* properly refused.

6. **Homicide ⟨⟩300(6)—Charge placing undue emphasis on evidence of threats held properly refused.**

In murder prosecution, charge on self-defense *held* properly refused as placing undue emphasis on evidence of threats made by deceased.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Padgett Robinson was convicted of murder in the second degree, and he appeals. Affirmed.

These charges were refused to defendant:

"B. If you believe from the evidence that defendant was an invited guest in the home where the shooting took place, and further believe from the evidence that he was free from fault in bringing on the difficulty, then there would not have been the same duty on him to retreat as if he had not been there by invitation of the deceased, and he could have held his ground and used such force as appeared to him necessary to repel an attack from deceased, if you believe from the evidence that he was so attacked.

"D. An invited guest in a home may stand his ground and use such force as is apparently necessary to repel the attack of an intruder, if he has been free from fault in bringing on the difficulty.

"(2) If you are not satisfied from all the evidence in this case that, if there was no reasonably apparent mode of escape for the defendant, then he would have a right to strike in defense of his life or limb.

"(3) The law gives a person the same right to use such force as may be reasonably necessary under the circumstances by which he is surrounded, to protect himself from great bodily harm, as it does to prevent his life being taken. He may excusably use this necessary force to save himself from any felonious assault.

"(4) It is not necessary, under the evidence in this case, that the defendant should have been actually in danger of death, or great bodily harm at the time he killed the deceased, or that retreating would have really increased his peril, in order for him to have been justified in shooting the deceased. He had a right to act on the appearance of same, taken in the light of any threats that the evidence proves the deceased to have made against him. If the circumstances attending the killing are such as to justify a reasonable belief that defendant was in danger of great bodily harm or death, and he could not have retreated without adding to his peril, and he honestly believed such to be the case, then he had a right to shoot deceased in his own defense, although as a matter of fact he was not in actual danger, and retreat would not have endangered his personal safety,

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and, if the jury believe that defendant acted under such conditions and circumstances as above set out, the burden of showing that he was not free from fault in bringing on the difficulty is upon the state, and, if not shown, you should acquit the defendant."

Ballard & Brassell, of Troy, for appellant.

The refusal of defendant's requested charges was error. Charges B and D: Thomas v. State, 13 Ala. App. 50, 69 So. 315. Charge 3: Twitty v. State, 168 Ala. 59, 53 So. 308; Kirkley v. State, 19 Ala. App. 570, 99 So. 56; Black v. State, 5 Ala. App. 87, 59 So. 692. Charge 4: Bluitt v. State, 161 Ala. 14, 49 So. 854; Black v. State, supra; O'Rear v. State, 188 Ala. 71, 66 So. 81.

Harwell G. Davis, Atty. Gen., and Robert G. Tate, Asst. Atty. Gen., for the State.

Charges requested by defendant were refused without error. Edwards v. State, 205 Ala. 160, 87 So. 179.

SAYRE, J. Exceptions to rulings on the admission of evidence, either brought corrections by the trial court, or the rulings were obviously correct, or were not of such materiality as to justify a reversal on their account.

[1] The killing occurred within the dwelling house of Eula Allen, where the evidence adduced on behalf of defendant went to show that he was an invited guest—did unquestionably show at least that he was there with the consent and approval of the proprietor or occupant. In its oral charge, the court instructed the jury in regard to the general doctrine of retreat as affecting defendant's right to act, in self-defense, but the bearing upon that right of the fact that defendant was a guest in the dwelling house of Eula Allen and that deceased went there as an armed intruder, the legal bearing of these facts upon defendant's asserted right to act in self-defense was not stated to the jury. The evidence adduced by defendant in support of his contention—of which the jury were the judges—called for a statement of the law, in substance, that, if he was a guest in the house and deceased an armed intruder, and if, without fault on his part, he was assaulted or by conduct deceased indicated his purpose to assault him with a deadly weapon, then defendant was under no duty to retreat, but had the right to stand his ground and defend himself, even to the taking of the life of his assailant. Crawford v. State, 112 Ala. 1, 21 So. 214; Jacobs v. State, 146 Ala. 103, 42 So. 70. By his charge B, defendant sought to have this law stated to the jury; but the hypothesis of the charge was that defendant was "there by invitation of the deceased." There was no evidence to support this hypothesis, and the charge was properly refused.

[2] Defendant's requested charge D was faulty as an instruction to the jury, for the reason that it failed to hypothesize that deceased did attack or was about to attack defendant. There was evidence for the state tending to show that deceased made no aggressive movement or gesture with the gun he had in his hand, but was in the act of turning away at the moment he was shot. This, of course, was for the jury, but the requested instruction should have hypothesized the imminence of defendant's peril.

[3] Defendant's charge 1 was, in substance, a "reasonable doubt" charge, and was covered by the court's oral charge. There was, for this reason, no reversible error in its refusal.

[4] Charge 2 was faulty in that it assumed that there was a necessity to strike in defense of life or limb. As we have pointed out. that was in dispute in the evidence.

[5] Charge 3 failed to state that defendant was free from fault.

[6] Charge 4 placed undue emphasis on the evidence of threats, and for this reason was properly refused.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.