The finding will therefore be in favor of defendant.

*Decree for defendant.*

ALLREAD, P. J., and HORNBECK, J., concur.

MOORE *v.* THE STATE OF OHIO.

(Decided November 15, 1933.)

*Messrs. Woolley & Rowland,* and *Messrs. Wood & Williams,* for plaintiff in error.

*Mr. John W. Bolin,* prosecuting attorney, and *Mr. R. W. Finsterwald,* for defendant in error.

MIDDLETON, J. In the court of common pleas of Athens county, Ohio, the plaintiff in error, Fred Moore, was convicted of the crime of manslaughter, under an indictment charging him with murder in the

first degree. The victim of his alleged crime was his father-in-law, one Ophie Stover, who resided on a farm owned by Moore at a distance of approximately one mile from the residence of Moore.

The record in the trial is a long one, and involves many facts necessary to a complete understanding of the circumstances surrounding the commission of the crime. The defense of Moore before the jury was that he killed Stover in the proper defense of his own life. There were only two witnesses to the shooting, whose presence at the scene of the encounter is undisputed. One was a farm hand employed by Moore by the name of Garrison Tucker, and the other was the wife of Stover. Manifestly the importance of their testimony was recognized fully by both the state and Moore. Shortly after the killing, both of said witnesses made statements at a coroner's inquest and both appeared before the grand jury that returned the indictment. Immediately after the shooting, Stover's wife and family, consisting of several children, removed to the home of Moore, and have been living with him at his home since that time. The farm hand Tucker has continued in Moore's employ and at his home since the day of the commission of the alleged crime. We have then the unusual circumstance of the state in the prosecution of a crime relying on the testimony of two witnesses who were practically members of the family of the accused. The natural result of this association of the two parties with Moore manifested itself on the trial. After each of said witnesses had testified in part, the prosecuting attorney stated to the court that he was surprised at their response to his interrogatories, and that, in view of their testimony before the grand jury and at the coroner's inquest, he asked for the privilege of cross-examination. This request was granted by the court, and at that cross-examination it was apparent that on the most important facts involved at the time of the shooting the witnesses named

were modifying and in some instances wholly denying their former statements.

With this brief description of what transpired at the trial we will go at once to the main complaint of Moore in this proceeding. That complaint charges that the attorneys for the state were guilty of misconduct in their argument to the jury. We now come to a situation which we think is without precedent in criminal procedure in this state. The arguments began in the afternoon of December 23, 1932. It was then apparent that some haste should be made in submitting the case to the jury in time for a proper consideration of the evidence before Christmas Day. The bill of exceptions at this point contains the following recital:

"During the time of the argument by Mr. Finsterwald for the state and Mr. Williams for the defendant the trial judge was absent from the court room, having retired to the clerk's office for the purpose of preparing the court's charge on the suggestion and by the consent of counsel for the state and for the defense, it being agreed to by and between counsel that no exceptions would be taken on account of the absence from the court room."

It then appears that the trial judge retired to the office of the clerk of courts, and from the length of the argument as it appears in the bill of exceptions he must have remained in that office for more than one hour. During this absence, as stated above, arguments were made by Mr. Finsterwald for the state and Mr. Williams for the defendant. It is now urged that Mr. Finsterwald in his argument indulged in statements and accusations wholly unsupported by any evidence and prejudicial to the rights of the accused.

The record shows that during the argument there was some interruption thereof by counsel for the defendant, and some exceptions were taken and noted to what was then being said, but that there is nothing in

the bill of exceptions to show that, when the trial judge returned to the courtroom his attention was called to what had transpired during his absence, and no demand was made by counsel for the defendant that the court should act on their complaints or make any definite ruling in respect thereto. There is nothing in the bill of exceptions that involves in any manner the complaints in respect to what occurred during the absence of the trial judge, and it appears from the record that what then happened was first brought to the attention of the court on a motion for a new trial.

It is sufficient to say on this branch of the case that the arguments of counsel for the state and for the defense are subject to criticism mainly on the ground that the speakers in their arguments referred to facts that were within their knowledge, but not in evidence to the jury. It is clear, however, that, had the trial judge been present during the argument, the things now complained of would have been prevented, or at least would not have reached the magnitude they did. In view of what then happened, it was plainly the duty of the defendant to make an attempt to have the objections which he had made submitted to the court when it returned to the courtroom. We do not say that, had this been done, all errors then complained of could have been corrected, for, as said by the court in *Miller* v. *State,* 73 Ohio St., 195, 76 N. E., 823, the mischief had been done.

While the matters we have been discussing are of great importance in this proceeding, they are not in our judgment the determinative factor in this case. The real question is whether or not under the conditions that obtained in the trial during this absence of the judge the defendant was actually tried and convicted in a court of justice under the laws of this state. While, as before observed, the state and defense consented to the absence of the judge from the courtroom, yet it was during his absence that the main complaints

now made arose. May this court now consider those complaints and thereby recognize them as a part of the record made during the progress of a lawful trial, which for that reason should be judicially determined on their merits? Manifestly, to do so this court must find that they were a part of the trial of the defendant, conducted and held as provided by law.

It is said in 26 Ruling Case Law, 1014:

"There can be no court without a judge, hence it is essential to the trial of a case that the judge be present at all stages thereof. This does not preclude the judge from sitting wherever he may please within the court room, or from writing or otherwise engaging himself, but it is essential that he be present and within call. * * * The test in determining whether the absence of the judge from the courtroom during the progress of the trial calls for a reversal of the judgment is whether, by his absence, he loses control of the proceedings. If he does, even for a brief period, the integrity of the trial is destroyed; but to justify a reversal on that ground the fact must clearly appear from the record."

In the case of *Miller* v. *State, supra,* this question was under consideration, and it was said by Judge Spear in the opinion, at page 206:

"The absence of the trial judge from the court room during a portion of the argument referred to we regard also as error. It was stated by the present chief justice on another occasion that 'the trial judge is not merely a part of the court, an important part of the court, the controlling part of the court, but he is an *essential* part of the court. While he is present the court is in session until adjournment; but his absence from the court room at any time disintegrates the court. * * * It would be reversible error if anything detrimental to the losing party should occur during such absence. He must be where he can instantly exert his authority where it is required.' "

This court is bound by the law as so declared by our Supreme Court. While it is true that counsel for the defense have complied with their agreement that no exception would be taken on account of the absence of the judge, yet they are complaining of what occurred during his absence, and of things which in our opinion would not have happened except for such absence. The absence of the judge, therefore, and the alleged errors, are so interwoven as to be inseparable. This court cannot find that error intervened during such absence without recognizing the legality of the conditions under which such error arose. This we cannot do. We are compelled to pronounce the absence of the trial judge as fatal to a lawful verdict, notwithstanding the fact that such absence was consented to by the defendant. Any other determination of this question would be in disregard of the authorities we have cited, and would establish a precedent which in our judgment might prove disastrous to the due administration of criminal law in this state.

The judgment is reversed, and the cause remanded to the court of common pleas for further proceedings according to law.

*Judgment reversed and cause remanded.*

BLOSSER, P. J., and MAUCK, J., concur.