158 So. 808

**SMITH v. STATE.**

**7 Div. 266.**

Supreme Court of Alabama.

Jan. 31, 1935.

E. G. Pilcher and Motley & Motley, all of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

THOMAS, Justice.

The trial resulted in a verdict and judgment for murder in the first degree, and the death penalty was imposed.

Errors urged in argument of counsel present for review the refusal of defendant's requested charges and matters presented on the motion for a new trial and supported by affidavits.

■ There was no reversible error in the refusal of charge No. 5. It did not present the probability of the innocence of the defendant, which was the subject of charge 6 in Whitaker v. State, 106 Ala. 30, 17 So. 456, and of charge 2 in Fleming v. State, 150 Ala. 19, 43 So. 219. It was invasive of the province of the jury and misleading (Hudson v. State, 217 Ala. 479, 116 So. 800; Carter v. State, 219 Ala. 670, 673, 123 So. 50), and pretermits the consideration of all the evidence.

■ Defendant's charge 51 was refused without error. It was misleading or involved in the instruction, as to defendant's belief of his imminent peril, so impressed upon him by the attendant circumstances warranting that belief, and as it affected his duty, ability, or reasonably apparent inability to retreat under the rule. The charge was not presented for approval in McClusky v. State, 209 Ala. 611, 96 So. 925.

■ Charges made the subjects of consideration in Glass v. State, 201 Ala. 441, 78 So. 819, and Andrews v. State, 159 Ala. 14, 48 So. 858, were different from that before us, as charge No. 55, employing, as the latter does, the words "is not satisfied" without a reference to all the evidence. Louisville & N. R. Co. v. Steverson, 220 Ala. 158, 124 So. 205; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; Davis v. State, 214 Ala. 273, 277, 107 So. 737; Robinson v. State, 213 Ala. 691, 106 So. 134; Buffalow v. State, 219 Ala. 407, 122 So. 633.

■■ Appellant insists that the refusal of charge 58 was error, for that the charge was in the language of charges heretofore approved by this court. In Glass v. State, 201 Ala. 441, 78 So. 819 (charge 2), Bluett v. State, 151 Ala. 41, 50, 44 So. 84 (charge 26), Richardson v. State, 191 Ala. 21, 68 So. 57 (charge 4), and Buffalow v. State, 219 Ala. 407, 122 So. 633 (charge 3), the charges embraced the element of retreat; and charge 10, approved in Davis v. State, 214 Ala. 273, 277, 107 So. 737, and Watts v. State, 177 Ala. 24, 59 So. 270, omitted any reference to the duty, ability, or

reasonably apparent inability to retreat under the rule. In Davis' Case, supra, the killing was not in the home of the defendant, and in the Watts Case, supra, it was within the dwelling of defendant.

In the instant case the defendant and deceased were in the street, and the rule of retreat obtained at such place. The case of Davis v. State, 214 Ala. 273, 107 So. 737, is not in accord with the rule that obtains by the approval of charge 10, and to that extent is overruled. In instructing the jury as to self-defense, the several constituent elements thereof are required to be duly stated. Miller v. State, 107 Ala. 40, 50, 19 So. 37; 15 Alabama & Southern Digest, page 357, ☞300. Refused charge 58 omitted the necessary elements of retreat that entered into the place and circumstances of the homicide for which defendant was being tried; therefore there was no error in its refusal. The recent case of Walker v. State, 220 Ala. 544, 126 So. 848, states the rule of this charge and refused charge 5 as to instruction on the several elements of self-defense.

■ Defendant urges that refused charge 59, on reasonable doubt, should have been given. When the other given charges and oral instructions are considered, they sufficiently define a "reasonable doubt." We will not reverse for the refusal of this charge.

■ We are brought to a consideration of the situation presented by the motion for a new trial, which is supported by affidavits. This is the only way the matter could be brought to the attention of the court under the facts set out in the affidavits. The substance of the affidavits is indicated in the statement of facts.

■ Without a due observance of the right of argument, or a proper restraint of counsel not observing the same, constitutional guaranties are not accorded. The duties of counsel in argument have been fully indicated in recent decisions: Moulton v. State, 199 Ala. 411, 74 So. 454; Sanitary Market v. Hall, 223 Ala. 525, 137 So. 435; Watts v. Espy, 211 Ala. 502, 101 So. 106. It is unnecessary to observe that argument of counsel should be confined to a fair discussion of the relevant facts and inferences to be deduced from the evidence; and, where it transgresses the legitimate bounds of argument under the evidence, it should be excluded under the rules that obtain as to the nature and character of such argument. Piano v. State, 161 Ala. 88, 92, 49 So. 803; Gibson v. State, 193 Ala. 12, 69 So. 533. The matter sought to be challenged by objection was beside the evidence and of a very injurious character and probable effect upon the jury.

■ In view of the importance and only method of presentation of the objection made to argument of state's counsel and the exception sought to be secured and reserved by defendant's counsel, we here make observation of an obvious fact as to the due conduct of a court in session and in the trial of a cause—civil or criminal. That is to say, it is the duty of the presiding judge, at all times (unless under circumstances or at a time when his presence may be and is waived) during the progress of a trial—of which the argument to the jury is an important part of due process—to remain on the bench and in the presence and hearing of the trial and argument to the jury, to see that the trial proceeds in an orderly manner and in accordance with law.

In 16 C. J. p. 812, § 2061, the general rule, well supported by authorities, is thus stated: "In prosecutions for felonies the great majority of cases lays down the general rule that the continued presence of the judge during the entire course of the trial is essential to the validity of the proceedings, and that his absence during any part of the trial, such as during the examination of a witness, during the argument of counsel, or at the handing in of the verdict (Waller v. The State, 40 Ala. 325; Whitehurst v. The State, 3 Ala. App. 88, 57 So. 1026), whereby he is not in a position to discharge his duties effectively, may vitiate the proceedings, unless he orders a suspension of the proceedings until he returns. This rule, however, does not prevent the judge from reading or writing, or from temporarily engaging in conversation; nor is the absence of the judge from the room reversible error, where he is still within hearing of the argument or evidence, and where he is in a position to pass upon any question which may arise therein."

The reasons for this rule are stated by the Iowa court, as follows: " 'There can be no court without a judge, and his presence, as the presiding genius of the trial, is as essential at one time as another. The argument is an important part of the proceedings, during which the judge cannot properly absent himself. He should remain within hearing, that he may not even temporarily relinquish control of the proceedings and the conduct of the trial. This is necessary to enable him to intelligently review the proceedings on motion for new trial.' State v. Carnagy, 106 Iowa, 483, 487, 76 N. W. 805." 16 C. J. p. 812, note [a] to § 2—61; Horne v. Rogers, 110 Ga. 362, 35 S. E. 715, 49 L. R. A. 176; 20 R. C. L. §

22

13, p. 229; State of North Dakota v. Darrow, 56 N. D. 334, 217 N. W. 519; Capital Traction Company v. Hof, 174 U. S. 1, 19 S. Ct. 580, 43 L. Ed. 873; Moore v. State, 29 Ga. App. 274, 115 S. E. 25; Graves v. People, 32 Colo. 127, 75 P. 412, 2 Ann. Cas. 6; Miller v. State of Ohio, 73 Ohio St. 195, 76 N. E. 823; Moore v. State, 46 Ohio App. 433, 188 N. E. 881; People v. Tupper, 122 Cal. 424, 55 P. 125, 68 Am. St. Rep. 44, and note; O'Brien v. People, etc., 17 Colo. 561, 31 P. 230; Turbeville v. State, 56 Miss. 793; State of Kansas v. Beuerman, 59 Kan. 586, 53 P. 874.

When the affidavits supporting the motion for new trial are considered, it is apparent that the case should be retried in the respects provided by law. This case is not within the facts of and the holding in Thomas v. State, 150 Ala. 31, 47, 43 So. 371, where no ruling was necessary.

The judgment of the circuit court is therefore reversed, and the cause remanded.

Reversed and remanded.

All the Justices concur.