## HEFLIN et al. v. UNITED STATES.
### No. 9988.

Circuit Court of Appeals, Fifth Circuit.

Feb. 9, 1942.

Rehearing Denied March 10, 1942.

Louis S. Joel, of Jacksonville, Fla., for appellants.

H. S. Phillips, U. S. Atty., of Tampa, Fla., and George A. Smathers, Asst. U. S. Atty., of Miami, Fla., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

In the trial of this charge of conspiracy, during the argument to the jury of defendants' counsel, the judge left the bench for two or three minutes to go to the lavatory in an adjoining room, closing the door behind him. The jury and defendants' counsel noticed that the judge was gone, and counsel continued his argument. Nothing else happened. No motion or objection was made. The jury found the defendants guilty, and the action of the judge was complained of in a motion for a new trial.

▮▮ In a trial by jury the judge is an essential actor, and he should be present during all the proceedings. If he has to leave the bench, the trial should be sus-

pended. It has by some courts been held reversible error in capital or other felony cases for the judge to leave the bench without suspending the trial, even when defendant's counsel is arguing to the jury. Slaughter v. United States, 5 Ind.T. 234, 82 S.W. 732; State v. Beuerman, 59 Kan. 586, 53 P. 874; Graves v. People, 32 Colo. 127, 75 P. 412, 2 Ann.Cas. 6; Turbeville v. State, 56 Miss. 793; See 23 C.J.S., Criminal Law, § 972. In the present case it clearly appears that no prejudice of any sort to the defendants occurred. Nothing happened during the absence of the judge except what their own counsel was saying. Counsel, on observing that the judge was absent, could have paused for his return, but saw fit to continue, and made no complaint until after a verdict of guilty. We think this is a clear case for applying the provision of 28 U.S.C.A. § 391: "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions, which do not affect the substantial rights of the parties."

No other error being complained of, the judgment is affirmed.