defendant was sentenced to the Ohio State Penitntiary in accordance with law, is vacated. That sentence is vacated.

The entry will now read that the defendant is referred to the psychiatric clinic, in accordance with R. C. 2947.25.

Anything further, Mr. Donahue?

Mr. Donahue: That's all. Thank you, your honor.

The Court: Thank you, Mr. Austin.

THE STATE OF OHIO *v.* EBERHARDT.

[Cite as State v. Eberhardt (1972), 32 Ohio Misc. 39.]

(No. 336—Decided March 22, 1972.)

Common Pleas Court of Cuyahoga County, Criminal Branch.

*Mr. John T. Corrigan,* county prosecutor, *Mr. John Carson* and *Mr. Edward Walsh,* assistant county prosecutors, for plaintiff.

*Mr. William I. Fadel,* for defendant.

WHITING, J. Defendant has moved for a new trial on the ground that the absence of the trial judge during *voir dire,* with the consent of all counsel, was contrary to law and due process. There is no claim that the absence of the trial judge prejudiced the defendant in any respect.

Defendant's motion is overruled.

Four defendants were tried simultaneously on charges of armed robbery. With the advance express consent of all counsel, the *voir dire* was conducted by counsel in the courtroom, but in the absence of the trial judge, who was in adjoining chambers attending to other work of the court. No referee was present. Objections were ruled upon by the trial judge in chambers after discussion with counsel and with the reporter present.

As it now reads, there is nothing in the Revised Code that requires a judge to remain on the bench during *voir dire*. The only relevant section, applying only to criminal cases, reads as follows (R. C. 2945.27):

"The judge of the trial court shall examine the prospective jurors under oath as to their qualifications to serve as fair and impartial jurors, but he shall permit reasonable examination of such jurors by the prosecuting attorney and by the defendant or his counsel."

In the Federal Courts, a similar provision (Federal Criminal Rule 24a) has been held not to require the presence of a trial judge during the selection of a jury. *United States* v. *Sams* (1963), 219 F. Supp. 164; *Haith* v. *United States* (1964), 231 F. Supp. 495. Furthermore, despite its use of the word "shall," the Ohio statute has been construed as not requiring any examination whatever by the court in absence of a request by counsel. *State* v. *Mays* (1956), 74 Ohio Law Abs 43. Thus, even if R. C. 2945.27 could be construed to require the presence of the trial judge during *voir dire*, which seems doubtful, it would nevertheless be subject to waiver on the reasoning and authority of *State* v. *Mays*. For further authority to the same effect, see *State* v. *Glaros* (1960), 170 Ohio St. 471.

Trial by jury is a constitutional right of the accused which may be knowingly, intelligently and voluntarily waived. It is not a mandatory feature of our judicial system. In fact, in Ohio, such waiver is expressly authorized by statute. (R. C. 2945.05.) It follows that part of the established procedure for examining prospective jurors and selecting a jury may be waived. When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he

is given the right to enjoy. *Hoffman* v. *State* (1918), 98 Ohio St. 137; *Patton* v. *United States* (1929), 281 U. S. 276, 50 S. Ct. 253.

It is true that as a general rule the trial judge has a duty to be present in the courtroom from the opening of the trial until its close, and if he finds it necessary to absent himself he should suspend all proceedings until his return. *Miller* v. *State* (1906), 73 Ohio St. 195. In one instance an Ohio court held this to be mandatory. In *Moore* v. *State* (1933), 46 Ohio App. 433, the court declared that a trial judge's absence during final argument, even with the consent of counsel, was fatal to the verdict because the judge is an essential part of the court and his absence, even for a brief period, destroys the integrity of the trial. However, this is not the prevailing view. 4 Ohio Jurisprudence 2d, Appellate Review, Sec. 946. In the case of *Tinque* v. *State* (1914), 9 Ohio St. 368, a trial judge, with the consent of counsel, absented himself during the final argument to write his charge. The Supreme Court affirmed its view previously set forth in *Miller* v. *State, supra*, but rejected the theory applied later in *Moore* v. *State, supra*, stating:

"The whole doctrine (of error due to the absence of the trial judge) is predicated upon the misconduct of counsel to the prejudice of the defendant during such absence."

In other words, it is not the absence of the judge, but rather a prejudicial occurrence during his absence that may create error, at least when the judge's absence is with the consent of counsel. As said in 4 Ohio Jurisprudence 2d, Appellate Review, Section 946:

"But a mistrial should not be ordered in a cause simply because some error has intervened. The error must prejudicially affect the merits of the case and the substantial rights of one or both of the parties, and this is as true of the temporary absence of the judge as of any other departure from due process of law during the trial of the cause."

Inasmuch as a prejudicial occurrence while the judge is on the bench similarly creates error, the rule is actually the same with or without his presence. The difference between the two circumstances lies in the ability of the judge

to prevent or correct prejudicial error when he is present, a potential benefit the parties waive when consenting to his absence.

Every proposed new procedure calculated to save judicial time and expedite the progress of cases through our courts is not necessarily to be admired and embraced. Nevertheless, the injustice of court congestion and delay requires us to place a high value on judicial time, as does the heavy expense of such time to the taxpayers. On occasion when a judge's time can be otherwise utilized to advantage without substantially interfering with essential justice in other respects, revisions to make such utilization possible merit serious consideration. The process of jury examination and selection is a time-consuming procedure, usually lasting from an hour or two to a day or so, but occasionally as long as a week or more. The sometimes protracted, usually repetitive and often routine nature of the proceedings has caused it to be brought under close scrutiny by judges who have an interest in the improvement of our judicial system. As one court after another throughout the United States has permitted counsel to conduct these proceedings in the absence of the trial judge, their views appear to concur with the expression in the opinion of *United States* v. *Sams* (1963), 219 F. Supp. 164, 165:

"(This procedure) is one of the streamlined reforms designed to prevent wasteful frittering away of judge-power which has earned just and nation-wide commendation * * * in the administration of the docket of this busy metropolitan court. These achievements have been hailed by the Chief Justice of the United States Supreme Court * * *. We remain fully convinced of its usefulness and propriety as a means of maximizing the efficiency of the court's operation, while according full protection to the legal rights of litigants."

The court therefore concludes that when the parties to a criminal case have duly waived the presence of the trial judge during *voir dire* and the selection of the jury, and no prejudice is shown to have resulted from the judge's absence, such absence is not ground for a new trial.